Crawford and Kimball v. White.

---

CRAWFORD AND KIMBALL, Executors, v. WHITE.

1. **Attorney:** COMPROMISE. Where a party employs counsel to represent him in a cause pending, and such counsel in good faith compromises the suit and consents to judgment for a specific amount, such party cannot, in an action brought upon such judgment (the same being recovered in another State and sued on in this), defeat a recovery upon the same for want of authority in his attorney to give his consent and make such compromise.

2. —— EQUITABLE DEFENSE. When in such a case defendant filed an answer in the nature of an equitable defense, to set aside and have declared invalid the judgment so recovered, alleging generally as a ground of such equitable relief that his attorney had colluded and combined with the attorney of plaintiff in consenting to such confession and judgment, and when the fair construction of such allegation indicated that it was based upon an allegation of want of power to make such compromise, and when it was not pretended or alleged that the defendant was not indebted to plaintiffs in the amount of such judgment, nor that the plaintiff had not a valid, subsisting indebtedness against him. *Held*, that the answer did not contain a substantial defense, and a demurrer thereto was properly sustained.

*Appeal from Des Moines District Court.*

TUESDAY, DECEMBER 13.

ACTION on a foreign judgment. Judgment for plaintiff, and defendant appeals.

*C. Ben. Darwin* for the appellant.

*Crocker & Smyth* for the appellee.

WRIGHT, Ch. J.—Plaintiffs sue upon a judgment recovered against defendant, in their favor, in the State of Vermont. Several answers and amendments thereto were filed. Without adverting to them and the facts at length, or the several positions assumed by appellant's counsel, we may state the law governing the case, briefly as follows:

I. When a party employs counsel to appear for him and defend an action, and such counsel in good faith compro-

1. ATTOR-
NEY: com-
promise.

mises said suit and consents to judgment for a specific amount, such party cannot, in an action brought upon such judgment (the same being recovered in another State and sued upon in this), defeat a recovery upon the same for want of authority in his attorney to make such compromise and give such consent. See *Potter* v. *Parsons*, 14 Iowa, 287, and authorities there cited.

II. Where a defendant in such a case filed an answer in the nature of an equitable defense to set aside and have

2. —
Equitable
defense.

declared invalid the judgment so recovered, alleging *generally*, as a ground of such equitable relief, that his attorney had colluded and combined with the attorney of plaintiff in consenting to such compromise and judgment; and where a fair construction of such general allegation would indicate that it was based upon the prior allegation of a want of power to make such compromise; and where he does not pretend or allege that *he is not indebted to the plaintiffs in the amount of such judgment, nor that plaintiffs have not a valid and subsisting indebtedness against him.* *Held*, that the answer did not present a case entitling the party to equitable relief, and that a demurrer was properly sustained thereto, for that the matter contained therein did not contain a substantial ground of defense.

Affirmed.