## HARRIS et al. v. SUGG.

### No. 8919.

Court of Civil Appeals of Texas. Austin.

July 10, 1940.

Rehearing Denied July 24, 1940.

R. G. Hughes, of San Angelo, for plaintiffs in error.

Collins, Jackson & Snodgrass, of San Angelo, for defendant in error.

BAUGH, Justice.

Appeal is from an order of the trial court overruling a motion for a new trial filed under the provisions of Art. 2236, R.C.S.1925. Sugg sued numerous named defendants and their unknown heirs in trespass to try title to several described tracts of land in Irion County, Texas, among them W. C. Harris. Upon affidavit duly filed, these defendants were cited by publication. None of them answered. An attorney ad litem was appointed to represent all defendants, and filed on their behalf a general demurrer, general denial

and plea of not guilty. Judgment was entered in favor of Sugg against all defendants on April 1, 1936. On March 29, 1938, plaintiffs in error herein, alleging that they were the heirs of W. C. Harris, filed their motion for a new trial, alleging that they were the owners of an interest in said lands, and that they knew nothing of the suit filed by Sugg until about eight months after judgment was rendered therein; and prayed that the former judgment be set aside and the case retried upon its merits. This motion was verified by one of the plaintiffs in error and by the attorney in fact for the others. It was duly controverted and all allegations therein denied. This answer to said motion was likewise sworn to.

■ Plaintiffs in error appear to contend that upon a showing that service by publication only was had, their right to have their motion for a new trial granted and a new trial had upon the merits is to be then determined from their allegations in said motion, relying particularly on Smith v. Higginbotham, Tex.Civ.App., 112 S.W.2d 770. In that case, however, no hearing was had upon the motion itself. No such case is here presented. The sufficiency of the motion as a pleading is not involved. In the instant case the trial court had a hearing in which evidence was introduced on the motion itself, before the trial court acted thereon. This was the proper method of procedure, rather than to grant such motion and then at a subsequent hearing determine its merits. Ashton v. Farrell & Co., Tex.Civ.App., 121 S.W.2d 611, 616, and cases therein cited.

■ It was incumbent, therefore, upon the plaintiffs in error not only to show in such hearing that citation by publication was the only process issued, and that they had no notice of said suit; but also to show that they were the heirs of W. C. Harris, and had a meritorious defense to the plaintiff's suit. Dennis v. McCasland, 128 Tex. 266, 97 S.W.2d 684; Smal-

ley v. Octagon Oil Co., Tex.Civ.App., 82 S.W.2d 1049, 1052. This they wholly failed to do. None of the plaintiffs in error, nor their attorney in fact testified. There was no evidence whatever that they were the heirs of W. C. Harris, or had any interest in the lands involved. The motion itself, though sworn to, was not evidence of the facts therein alleged. See 17 Tex. Jur. § 119, p. 356. Especially is this true where the answer thereto was, as here, a sworn denial. The only evidence introduced in their behalf was the record of the proceedings on the trial on which the original judgment was rendered; and a sheriff's deed, executed in 1881 pursuant to an execution issued out of the County Court of Williamson County in favor of John Andres & Company against P. C. Duer, wherein the sheriff sold the interest of Duer in 1813 acres of land in Irion County, including the lands here involved, to W. C. Harris and J. S. McWilliams for $20.50. There was no proof of any claim or interest of Harris to said land subsequent to that time.

On the other hand, Sugg had pleaded title to said lands under the 3, 5, 10 and 25-year statutes of limitation, Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519, proved his chain of title on the trial by numerous recorded instruments, and by oral testimony showed open adverse possession, use and occupancy of all of said lands for a period of more than 25 years. Not only, therefore, did plaintiffs in error wholly fail to discharge the burden of proof, after judgment rendered, resting upon them on their own motion to set it aside; but they wholly failed to show, had their motion been granted and a retrial on the merits had, any probability that any different judgment would or could have been rendered than that which the trial court had already rendered.

Finding no error in the record, the judgment of the trial court will in all things be affirmed.

Affirmed.