## SMITH v. COMMERCIAL CREDIT CORPORATION.

### No. 13548.

Court of Civil Appeals of Texas. Dallas.

Sept. 22, 1944.

Rehearing Denied Oct. 27, 1944.

Richard B. Humphrey, of Dallas, and George W. Eddy, of Houston, for appellant.

Biggers, Baker, & Lloyd, of Dallas, for appellee.

LOONEY, Justice.

We think this Court erred in heretofore affirming the judgment appealed from; therefore the original opinion filed will be withdrawn and this opinion filed in lieu. The appeal is from an order overruling appellant's motion to set aside and hold for nought a judgment rendered against

him on citation by publication. The following is deemed a sufficient statement of the case:

Commercial Credit Corporation sued George W. Smith to recover $532.94 principal, besides interest and attorney's fees, balance due on a note originally for $1000.-94, payable to City Pontiac, Inc. (later transferred to plaintiff), given for part of the purchase price of a new 1941 Pontiac automobile; plaintiff also sought foreclosure of the lien of a chattel mortgage on the car, executed by Smith to secure payment of the note; plaintiff further sought the appointment of a receiver to take possession of the car. Leslie Clyde Smith was made a defendant, but, as he submitted to the judgment rendered, his connection with the case will not receive further notice. The court appointed a receiver, who immediately qualified; took possession of the car; asked the court for authority to sell—which was granted; the car was later sold, plaintiff being the purchaser on its bid of $250, which the court ordered held to await further proceedings. In plaintiff's original petition, defendant's residence was alleged to be in Dallas County, Texas, but at that time he was a member of the armed forces of the Government, stationed at Camp Pickett, Virginia. However, personal services not having been obtained, on April 23, 1943 (over four months after the institution of the suit), plaintiff's attorney made and filed an affidavit that the residence of defendant, George W. Smith, was unknown to affiant; therefore, prayed for service of citation by publication, which was later consummated. The court appointed an attorney ad litem to represent the defendant, who filed an answer setting up the fact that defendant was in the armed services of the Government; also interposed a general denial. The case was regularly tried on June 24, 1943, resulting in a judgment in favor of plaintiff, establishing the amount of its debt, principal, interest and attorney's fees; also foreclosure of the chattel mortgage lien on the car and proceeds after sale thereof; finding, among other things, that at the time of sale the reasonable value of the car did not exceed $250, and directed that the proceeds of sale held by the receiver be credited upon the judgment, but that no execution issue against the defendant for balance unpaid, as is usual in cases of personal judgment.

Thus matters stood until on October 23, 1943, when the defendant filed a motion praying that the judgment be opened; in other words, set aside, and that he be afforded an opportunity to urge defenses to the alleged cause of action; his material allegations being that the affidavit for citation by publication, stating his residence to be unknown, was false, in that, his residence at all times was well known by plaintiff to be in Dallas County; that the statement was made for the sole purpose of depriving defendant of actual notice of the pendency of the suit, and to obtain judgment during his absence.

At the outset, plaintiff urges a motion to dismiss the appeal on the ground that defendant's affidavit in forma pauperis, did not comply with Rule 355 of Texas Rules of Civil Procedure; hence jurisdiction was not conferred upon this court. Under Rule 355 a litigant is permitted to prosecute an appeal by filing with the clerk of court an affidavit stating "That he is unable to pay the costs of appeal or any part thereof, or to give security therefor." Defendant's affidavit, in the respect under consideration, stated: "That he has made diligent efforts to give an appeal bond in this cause, and is unable to do so by reason of his poverty; that his compensation from the Government has not yet begun to be paid, and that he has been unable to find profitable work which he is able to do."

We do not think it necessary, in order to satisfy its requirements, that the affidavit be phrased in the exact verbiage of the Rule; substantial compliance, in our opinion, was sufficient. If, under a reasonable construction of the language employed, the idea may be gleaned that defendant was unable to pay the cost, or any part thereof, or give security therefor, the Rule is satisfied. Defendant stated that after diligent efforts he was unable to give an appeal bond (security), by reason of his poverty (meaning indigence or state of need); that the compensation due him by the Government had not been paid; and, further, that he had been unable to find profitable work that he was able to do. Any interpretation of this language that would defeat the defendant's right to appeal, in our opinion, would be a strict, rather than a liberal construction. We, therefore, overrule the motion to dismiss.

However, the question remains: Did the defendant show that he was entitled to have the judgment set aside on the ground that he was not legally cited to answer the suit? As defendant neither swore to his

362

petition, nor offered proof in support of its allegations at the hearing, this question must be determined from the face of the record itself. As before shown, plaintiff alleged in its original petition that the defendant resided in Dallas County, Texas, but at the time was a soldier in the armed forces of the United States, stationed at Camp Pickett, Virginia; prayed that he be cited to appear and answer; for the appointment of a receiver to take immediate possession of the automobile in order to conserve its value; and, on final hearing, for judgment for debt and foreclosure. About four months after the suit was filed plaintiff's attorney made and filed an affidavit stating that the residence of defendant was unknown to affiant, and prayed for the issuance and service of citation by publication, which was later done; and it was upon this service that the judgment below was rendered and the proceedings had.

■ The validity of the judgment and proceedings below depends not upon the fact that an affidavit in proper form was filed, but rather upon the truth of the ground set up as basis for the issuance and service of citation by publication; that is, whether, in view of the recitals in the record, it could reasonably have been said at the time' that defendant's residence was unknown, in the sense in which that term is used in Civil Procedure, Rule 109.

■ In the early case of Kitchen v. Crawford, 13 Tex. 516, 520, Judge Wheeler, speaking for the Supreme Court in a similar situation, among other things said: "But it is not the making of the affidavit, but the truth of it, that is, the existence in fact of the assumed condition, which enables the Court to acquire jurisdiction over the person of the defendant by publication." And in the more recent case of Gordon v. Reeder, Tex.Civ.App., 202 S.W. 983, where citation by publication was based upon an affidavit stating that the defendant was a transient person, Judge Higgins, speaking for the El Paso Court, said: "In order to give the court jurisdiction over the person of Mrs. Gordon by this service she must in fact have been a transient person. If she was not such, then the process and service was unauthorized." As before stated, when the suit was filed defendant's residence was well known and alleged to be in Dallas County; and it was also well known and alleged that he was a soldier in the service of the Government, stationed at Camp Pickett, Virginia. In

view of these known and undisputed facts, and the legal presumption that must be indulged, could it reasonably have been said, four months after the suit was filed, that defendant's residence was unknown? We do not think so. A temporary, and especially and enforced absence does not have the effect of breaking the continuity of an established residence (See authorities cited in Therwhanger v. Therwhanger, Tex.Civ.App., 175 S.W.2d 704). In the situation revealed by the record the presumption must be indulged that, although absent from home in obedience to orders of his commanding officer, defendant maintained his residence in Dallas County. See Reese v. Bacon, Tex.Civ.App., 176 S.W.2d 971-974.

■ In what has just been said, we are not to be understood as in any sense reflecting upon plaintiff's attorney who made the affidavit upon which the citation by publication issued and was served. Counsel, in our opinion, acted in perfect good faith, believing that the situation warranted the affidavit; however, in view of the inescapable presumptions, the fact remains that defendant's residence was not changed by his absence as a soldier serving in the army of his Government; the affidavit to that effect was wholly unauthorized, and all proceedings had thereunder void and of no effect. Although the exact whereabouts of a soldier may not be generally known, yet the court judicially knows that the Government maintains an efficient mail service whereby letters and communications may reach service men, wherever they may be, by being addressed to certain points of embarkation from which the mail matter is forwarded to its proper destination.

■ On original submission, we affirmed the judgment below, not on the idea that the affidavit filed as basis for issuance and service of process was correct, but that notwithstanding the proceedings should be sustained against the attack made, in view of defendant's absence from the State (one of the grounds authorizing citation by publication). We were led to this view under the belief that the Supreme Court so held in Kitchen v. Crawford, supra; but, on a more careful examination of that case, we have reached the conclusion that the Court did not so hold; on the contrary, announced, for the first time in this State, that it was not the allega- tions of the affidavit for citation by pub-

lication, but the truth thereof, that counts; furthermore, we were of opinion that defendant was required to set up in his petition a meritorious defense to plaintiff's alleged cause of action, in order to be legally sufficient either as a bill of review or to bring himself under the provisions of the Federal Soldiers' and Sailors' Civil Relief Act, enacted by Congress in 1940, 50 U.S.C.A.Appendix § 501 et seq.; but after a more careful examination of the subject, we reached the conclusion that, in view of the void nature of the judgment and proceedings had below, defendant was not required to show a meritorious defense to plaintiff's cause of action. It was held in Carson v. Taylor, Tex.Civ.App., 261 S.W. 824, that where upon the face of the record judgment is shown to be void, defendant is entitled to have the same set aside without the necessity of showing a meritorious defense. To the same effect, see Hitt v. Bell, Tex.Civ.App., 111 S.W.2d 1164 and T. J., Sec. 158, p. 553. Courts universally hold that in order to give validity to the judgment and proceedings had under service by publication, there must be a strict compliance with every essential requirement of the statute. See Byrnes v. Sampson, 74 Tex. 79–84, 11 S.W. 1073, and the authorities cited therein.

Appellant's motion for rehearing is sustained, our former judgment set aside, and judgment here rendered reversing the court below and remanding the cause for further proceedings.

Reversed and remanded.