COMMERCIAL CREDIT CORPORATION V. GEORGE W. SMITH.

No. A-383. Decided April 11, 1945.
Rehearing overruled July 11, 1945.
(187 S. W., 2d Series, 363.)

*Biggers, Baker & Lloyd,* of Dallas, for petitioner.

As to the sufficiency of the affidavit in lieu of an appeal bond, Green v. Martin, 43 Texas 653; Fletcher v. Anderson, 145 S. W. 622.

'On the theory that the evidence was sufficient to support the judgment, Eaton v. Husted, 172 S. W. (2d) 493; Bond Auto Loan v. Brush, 171 S. W. (2d) 493; Comet Motor Freight Lines v. Holmes, 175 S. W. (2d) 464.

*Richard B. Humphrey* and *George W. Eddy,* of Dallas, for respondent.

MR. JUSTICE SIMPSON delivered the opinion of the Court.

Commercial Credit Corporation, the petitioner here, sued George W. Smith, the respondent, and another in a county court of Dallas County for $532.94, besides interest and attorneys' fees, the balance due on a promissory note executed by Smith and acquired by the petitioner and for foreclosure of a chattel mortgage lien on an automobile which the petitioner alleged was valued at less than $500.00. Service of citation was by publication. The trial court entered judgment June 24, 1943, establishing the debt and foreclosing the lien but the decree also ordered that "no personal judgment of any kind be rendered" against Smith. On October 23, 1943, at a subsequent term, Smith filed an unsworn motion to reopen the judgment, alleging that he had been a member of the "armed forces of the United States" and a resident of Dallas County when the suit was filed, when publication of the process was made and when the judgment was rendered against him, which facts, he pleaded, were known to the petitioner and the judgment was therefore void. He also pleaded that the value of the automobile was in

excess of $1,200 and the allegation that it was valued at less than $500.00 was made solely for the purpose of showing jurisdiction in the County Court. The trial court denied his motion and he appealed. The Court of Civil Appeals concluded that the judgment Smith sought to vacate was void on the face of the record and reversed and remanded the cause. 187 S. W. (2d) 360.

■ Smith filed an affidavit in lieu of a bond on appeal in which he stated that he had made diligent efforts to give an appeal bond and was unable to do so by reason of his poverty; that his compensation from the Government had not yet begun to be paid and that he was unable to find profitable work which he was able to do. These statements include what is required for an affidavit in lieu of a bond on appeal from the county to the district court in certain probate matters. Rule 333, Texas Rules of Civil Procedure. Under the provisions of Rule 355, which is applicable to an affidavit in lieu of a bond upon appeal to a Court of Civil Appeals, an appellant is entitled to prosecute the appeal without a bond by filing an affidavit stating "he is unable to pay the costs of appeal or any part thereof or to give security therefor." The sufficiency of Smith's affidavit was not questioned in the trial court as Commercial Credit Corporation was entitled to do under Rule 355 but was raised originally in the Court of Civil Appeals by a motion to dismiss the appeal. The Court held in effect that from the language employed "the idea may be gleaned that defendant was unable to pay the cost, or any part thereof, or give security therefor." This conclusion is in keeping with the policy of liberal construction which the rules enjoin. Rule 1. Fairly implicit in the facts set up in the affidavit are the elements which Rule 355 states should be included.

The exact reverse of the situation here was presented in Clark v. Briley, 193 S. W. 419 (error refused) where the appellant made his affidavit conformably to the statute which is now Rule 355 when he should have made it under the statute which is now Rule 333. The affidavit was questioned for the first time in the Court of Civil Appeals where it was held good. That decision followed Stewart v. Heidenheimer Bros., 55 Texas 644, opinion by Chief Justice Gould, which held immaterial the omission of the words "or any part thereof" in an affidavit in lieu of a bond filed under the statute which has now been brought forward as Rule 355. Substantial rather than strict compliance with the Rule is all that properly should be required and the Court of Civil Appeals correctly denied the motion to dismiss the appeal.

■ Moreover, a dismissal would not have been warranted for this want of formal compliance with the rules without the allowance of a reasonable time for correction of the defect the petitioner pointed out. The provisions of Rule 437 have application in such a case as this. Smith made a motion in the Court of Civil Appeals for leave to amend the affidavit and had it been impossible to garner from the language employed sufficient facts to warrant holding the affidavit substantially complied with the applicable requirements, his motion to amend should have been allowed.

■ The record shows that Smith's motion to reopen was overruled by the trial court after it had "considered the pleadings, evidence and argument of counsel." What evidence the court heard does not appear since there is no statement of facts. Nor are there findings of fact or bills of exception. With the record in this attitude, Commercial Credit Corporation urges that the Court of Civil Appeals erred in reversing the judgment of the court below because all presumptions must be indulged in favor of that judgment, the case having been tried to the court without a jury, and particularly it must be presumed that the trial court found the facts to be such as would support the judgment, which "in the case at bar involved the finding that citation by publication was proper." This contention must be sustained. It is not open to question that in the absence of a statement of facts, every presumption must be indulged in favor of the trial court's findings and judgment and where there are no findings and no statement of facts, such facts as are necessary to support the judgment must be presumed to have been found. McElyea v. Parker, 125 Texas 225, 81 S. W. (2d) 649; Anchor v. Wichita County Water Improvement District No. 2, 129 Texas 70, 103 S. W. (2d) 135, 112 A. L. R. 70; Home Owners Loan Corporation v. Cilley (Tex. Civ. App.), 125 S. W. (2d) 313 (error refused); Uvalde Construction Co. v. Joiner, 132 Texas 593, 126 S. W. (2d) 22; Valdez v. Rodriguez (Tex. Civ. App.), 173 S. W. (2d) 514 (error refused); 3 Tex. Jur. 529 et seq. (secs. 373, 374, 378-382 incl.); 3 Tex. Jur. 1062 et seq. (secs. 749, 750).

It follows that the judgment of the trial court must be affirmed unless the record here presents on its face fundamental error of law. Smith's counsel earnestly urge that this is the case,—that the judgment is void and that the record so shows. They point out the following circumstances which appear in the transcript on this appeal: Commercial Credit Corporation's original petition, filed December 16, 1942, and upon which judgment against Smith was subsequently taken, contained sworn averments that Smith resided in Dallas County and was

"in the Armed Forces of the United States" stationed at Camp Pickett, Virginia. On April 23, 1943, an attorney for the Corporation made an affidavit that Smith's residence was unknown to the affiant and requested service of process by publication. In the final judgment dated June 24, 1943, it was recited that Smith was "in the armed services of the United States of America." A statement of evidence introduced at that trial recited that proof had been introduced establishing all the allegations in the plaintiff's original petition.

■ Thus, Smith's counsel urge, it appears on the face of the record that some six months before the entry of the judgment he seeks to reopen, Smith was a resident of Dallas County but absent in the Army and that his status was still that of a serviceman at the time of the judgment's entry. They correctly point out that:

"A soldier or sailor does not acquire a new domicile merely from being stationed at a particular place in line of duty. His domicile remains the same as that which he had when he entered the service, unless he shows a change by proof of clear and unequivocal intention." 15 Tex. Jur. 716. See also Therwanger v. Therwanger (Tex. Civ. App.), 175 S. W. (2d) 704.

■ Upon these considerations, Smith urges that since his residence did not change from Dallas County merely because he entered the Army and since his place of residence will be presumed to remain the same until the contrary is shown, the sworn request for service of citation by publication which affirmed that Smith's residence was unknown was unfounded and improvidently made, and consequently the judgment rendered upon the service so obtained was void. However, Smith faces the difficulty of relying upon presumptions only to support the facts which he claims will render the judgment void. The presumption of the continued existence of a fact once established goes no further than that the law presumes the state of things continues to exist as before until the contrary is shown, or until a different presumption arises. 20 Amer. Jur. 205, 206. Here a contrary and different presumption to that relied upon by Smith is implicit in the judgment overruling his motion to reopen. In the absence of a statement of facts, findings of fact and bills of exception, it is our duty to presume that the trial court, upon competent evidence, found every fact at issue against him.

But even if it appeared that the affidavit supporting the request for the issuance of citation by publication had been improvidently made, this circumstance alone would not render the

judgment void. The Court of Civil Appeals originally took this view of the law, basing its conclusion upon the holding in the early case of Kitchen v. Crawford 13 Texas 516, opinion by Justice Wheeler, but later reached a contrary conclusion, and held void the judgment Smith sought to reopen. The conclusion first reached by the Court of Civil Appeals was correct. In Kitchen v. Crawford the Court held that where citation was by publication and no "predicament of fact" existed which authorized the service, a judgment taken in the proceeding would be ineffectual and "the proceeding had thereupon will be set aside as irregular." Justice Wheeler quotes from a chancery case from another jurisdiction which held that a judgment would be void if obtained against a resident defendant upon service of citation by publication issued against him as a non-resident, but points out that "the observation that it would be void is to be regarded as *dicta*. In the case of Jermain v. Langdon (8 Paige, 41) Chancellor Walworth, though he did not express a decisive opinion, because it was not necessary in that case, stated that it was his impression that where the order for publication has been obtained upon a proper affidavit of the defendant's non-residence, the proceedings and decree would not be void for want of jurisdiction, though the defendant had a residence in the State, but would be merely voidable for irregularity."

Subsequently, the Supreme Court, speaking through Chief Justice Willie, announced in Schleicher v. Markward, 61 Texas 99, that the fact that service of citation was by publication where the defendant, cited as non-resident, was known by the plaintiff to be a resident, would not entitle the defendant to have a judgment rendered against him set aside unless he showed he had a good defense, and since this was controlling, it was not necessary to decide whether the attack on the judgment was a direct or a collateral one. That eminent chief justice said:

"It is a rule of equity established by the weight of authority, 'that notwithstanding an illegal writ of [or] service of process, a court of equity will not interfere to set aside a judgment until it appears that the result will be other or different from that already reached.' Freeman on Judgments, sec. 498; Crawford v. White, 17 Iowa, 560; Stokes v. Knarr, 11 Wis., 389; Gregory v. Ford, 14 Cal., 138, and other authorities.

"Our own decisions are to the effect that on application to review a judgment rendered upon service by publication, the applicant must allege that he has a good defense to the claim upon which the original suit was founded. Snow v. Hawpe, 22 Tex., 168. And this although, as in this case, the party sued

by publication was at the commencement of such suit an actual resident of the state, and this was known to the plaintiff. Kitchen v. Crawford, 13 Tex. 516. It would be idle to set aside a judgment, and retry a cause when no other result but that already attained could possibly be reached."

The effect of the holdings in Kitchen v. Crawford and Schleicher v. Markward was also considered in Sharp v. Schmidt & Zeigler, 62 Texas 263, another opinion by Chief Justice Willie, where it was said:

"It has always been the rule that when a judgment is sought to be reopened for any cause, in order to permit a defense to be made, which the defendant was prevented from proving upon the trial in which the judgment was obtained, the nature of the defense must be shown to the court. Foster v. Martin, 20 Tex., 118; Contreras v. Haynes, 61 Tex., 103; Johnson v. Templeton, 60 Tex., 238. The case of a judgment rendered upon defective or illegal service of process is no exception to the general rule."

The rule announced in these cases still prevails in this jurisdiction. Applying it to Smith's situation, he urges an infirmity in the application for the issuance of citations by publication which, even if proven, would have rendered the judgment he sought to vacate irregular and voidable only. He still has the burden of showing a meritorious defense to his adversary's cause of action.

The rule allowing a new trial on judgment following citation by publication reads in part as follows:

"In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection:

"(a) The court may grant a new trial upon petition of the defendant showing good cause, supported by affidavit, filed within two years after such judgment was rendered. The parties adversely interested in such judgment shall be cited as in other cases." Rule 329.

■ Smith's unverified motion, if considered as filed under this rule, alleged good cause since proof of his allegation that the automobile against which foreclosure was adjudged was valued at more than the jurisdictional amount for a county court case, would have demonstrated that the county court was without power to enter the questioned judgment. Fred v. Fred, 58 Tex. Civ.

App. 574, 126 S. W. 900 (error dismissed) ; 31 Tex. Jur. 181, 182, But he had the burden, not only of pleading but also of proving his defense. Sharp v. Schmidt & Seigler, 62 Tex. 263; Brown v. Clippinger, 113 Texas 364, 256 S. W. 254; Chambers v. Gallup, 30 Tex. Civ. App. 424, 70 S. W. 1009; Bargna v. Bargna (Tex. Civ. App.), 127 S. W. 1156; Fred v. Fred, supra; Tinsley v. Corbett, 27 Tex. Civ. App. 633, 66 S. W. (2d) 910 (writ refused) ; Smalley v. Octagon Oil Co. (Tex. Civ. App.), 82 S. W. (2d) 1049 (writ dismissed) ;. Harris v. Sugg (Tex. Civ. App.), 143 S. W. (2d) 149 (error dismissed, correct judgment) ; 31 Tex. Jur. 185, 186. While a liberal discretion should be employed in granting a new trial under this rule, it should be made to appear that the application of the defendant cited by publication was made in accordance with the rule and that he had a good defense to the suit which he was denied the opportunity of presenting. Wiseman v. Cottingham, 107 Texas 68, 174 S. W. 281. Not only does the record fail to show any proof that Smith had a good defense but, as we have observed, the presumption must be indulged that the trial court found every issuable fact contrary to his contention.

■ If the motion be taken as filed under that provision of the Act of Congress known as The Soldiers and Sailors Civil Relief Act which provides that a defendant may, in certain circumstances, move to have a judgment against him reopened and to be let in to defend (50 USCA App. Sec. 520 (4), still the motion would have been properly overruled. This is so because the Act provides, among other things, that it must be "made to appear that the defendant has a meritorious or legal defense to the action or some part thereof." The same reasons why it must be held that Smith failed to show good cause under Rule 329 apply largely here. There is no proof of prejudice or injury to the complaining defendant,—indeed, as has been demonstrated, presumed findings must be indulged which indicate that the facts are to the contrary. In the absence of a showing of prejudice and injury, no relief may be accorded under the Federal Act. Mims Bros. v. N. A. James, Inc., 174 S. W. (2d) 276 (error refused on another point 141 Texas 554, 175 S. W. (2d) 74).

For the reasons stated, we conclude the trial court's order overruling the motion to reopen the judgment which Smith assailed must be sustained. The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Opinion delivered April 11, 1945.

Rehearing overruled May 23, 1945.