

121

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 20, 1957

Hon. Raymond Thornton
District Attorney
Belton, Texas

Opinion No. WW-30

Re: Are military personnel living on
or off Federal Reservations,
whether renters or property
owners, subject to taxes on per-
sonal property, specifically
automobiles.

Dear Mr. Thornton:

You request our opinion as to whether personal property, specifically automobiles, owned by military personnel living on or off a Federal military reservation in your County, is subject to ad valorem taxes.

We assume for the purpose of this opinion that the automobiles are the personal and individual property of the military personnel.

You ask three questions as follows:

1. Are military personnel, who live on a Federal Reservation, subject to being assessed taxes on personal property, or specifically on automobiles?

2. Are military personnel, who live off Federal Reservation, in rented homes, subject to being assessed taxes on personal property, or specifically on automobiles?

3. Are military personnel, who own real estate in this County, said real estate having been purchased while said personnel were assigned to a military installation in this County, subject to being assessed taxes on personal property, or specifically on automobiles?

Article 7147, Vernon's Civil Statutes, defines personal property for the purpose of taxation, insofar as material here, as follows:

"Personal property, for the purpose of taxation, shall be construed to include all goods, chattels and effects, and all moneys, credits, bonds and other evidences of debt owned by citizens of this State, whether the same be in or out of the State; . . . "

It is observed from the foregoing definition of personal property subject to taxation in this State that one of the conditions is "owned by citizens of this State".

Automobiles owned by members of the military forces, who are citizens of this State, are clearly subject to ad valorem taxation, if owned on January 1st of the taxable year.

An altogether different problem arises, however, as to military personnel transferred from other states to military reservations or posts in this State under orders of military authority.

In the absence of a clear and positive intention to effect a change of domicile, residence or citizenship of a person in the military service, such a person does not lose or abandon his residence or citizenship which he had when he entered the service from another state, nor does he acquire a new residence or become a citizen of the state to which he is transferred and serves, this regardless of the duration of his service in such a state.

The case of Wilson v. Wilson, 189 S.W.2d 212 (Tex.Civ. App., 1945) held:

"A review of the law pertaining to the residence of a soldier who is sent to Texas from another state under military orders properly begins with the case of Gallagher v. Gallagher, Tex.Civ.App., 214 S.W. 516, 518. It is there held that the words 'inhabitant,' 'citizen' and 'resident' mean substantially the same thing. In order to be an inhabitant one must acquire a domicile or home and it must have the stamp of permanency on it. There must not only be an intention to establish a permanent domicile or home, but the intention must be accompanied by some act done in the execution of the intent. A soldier can abandon his domicile of origin and select another, yet, in order to show a new domicile during the term of enlistment, there must be the clearest and most unequivocal proof. ..."

In Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363 (1945), the Court quoted with approval the following statement from Tex. Jur.:

"'A soldier or sailor does not acquire a new domicile merely from being stationed at a particular place in line of duty. His domicile remains the same as that which he had when he entered the service, unless he shows a change by proof of clear and unequivocal intention.' 15 Tex. Jur. 716. See also Therwanger v. Therwanger, Tex. Civ.App. 175 S.W.2d 704."

From the foregoing it is clear that military personnel transferred from other states to this State and stationed at military reservations or posts in this State, in the absence of a very clear intent to abandon their citizenship in the state from which they transfer and establish a new residence and become a citizen of Texas, may not be taxed ad valorem upon automobiles or other personal property owned by them.

The Federal Soldiers and Sailors Relief Act, relating to taxation of property of military personnel, definitely provides that personal property owned by military personnel does not acquire a taxable situs in the state to which they are transferred. Section 514, 50 U.S.C. Appendix, Section 574, of the Soldiers and Sailors Civil Relief Act. This statute further provides that the term "personal property" as including tangible and intangible property, including motor vehicles.

The Supreme Court of the United States, in construing this statute in the case of Clairborn Dameron v. A. S. Brodhead, 345 U.S. 322, 97 L.Ed. 1041, 73 S. Ct. 721, 32 A.L.R.2d 612, said:

". . . The short answer to the argument that it therefore only applies where multiple taxation is a real possibility is that the plain words of the statute do not say so. In fact, they are much broader: 'personal property shall not be deemed to be located or present in or have a situs for taxation' in the state of temporary presence in any case. There is no suggestion that the State of original residence must have imposed a property tax. Since the language of the section does not establish a condition to its application, we would not be justified in doing so. . . . In fact though the evils of potential multiple taxation may have given rise to this provision, Congress appears to have chosen the broader technique of the statute carefully, freeing servicemen from both income and property taxes imposed by any state by virtue of their presence there as a result of military orders. It saved the sole right of taxation to the state of original residence whether or not that state exercised that right. Congress, manifestly, thought that compulsory presence in a state should not alter the benefits and burdens of our system of dual federalism during service with the armed forces."

Our courts decisions make an exception as to the taxability of personal property, including automobiles owned by non-residents if they acquire a business situs by their use in this State in connection with the operation of a business. If an automobile or other motor vehicle should be devoted to and used

Hon. Raymond Thornton, page 4 (WW-30)

in connection with the operation of some trade or business in this State by a person in the military service, it would be taxable, notwithstanding the owner may be a resident and citizen of another state.

It is immaterial whether military personnel live on or off the military reservation or post or that they live in rented houses off the reservation. Neither is it material that they may have purchased real estate in the county where stationed before or during their assignment to military service at the military reservation, provided the real estate was not purchased for the purpose of establishing a home and citizenship in this State and abandonment of citizenship in the state from which transferred.

## SUMMARY

Automobiles owned by military personnel assigned to duty in this State are subject to ad valorem taxes if owned by residents and citizens of this State on January 1st of a taxable year. But automobiles owned by military personnel transferred from another state to this State under military orders are not subject to ad valorem taxes so long as the owner remains a resident and citizen of the state from which transferred. If, however, an automobile is devoted to use in this State in a trade or business, it acquires a commercial or business situs in this State and is taxable regardless of the fact the owner is in the military service and retains his residence or citizenship in the State from which transferred. If real estate is purchased for the purpose of establishing a home and citizenship in this State, the personal property of military personnel, as well as real estate, will be subject to taxation.

Yours very truly,

WILL WILSON
Attorney General

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman

LPL:cs

By L. P. Lollar
L. P. Lollar
Assistant