Elease S. GREENE, Appellant,

v.

The STATE of Texas, Appellee.

No. 16726.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 29, 1976.

Michael P. Mallia, Houston, for appellant.

Joe Resweber, County Atty., Oliver J. Guiberteau, Marshall Watkins, Asst. County Attys., Houston, for appellee.

PEDEN, Justice.

This is an appeal from a judgment ordering the appellant involuntarily committed to a mental hospital for a period not to exceed ninety days. The only record before us is a transcript.

Harriet Taylor, adopted daughter of Mrs. Elease Greene, filed a sworn application for temporary hospitalization dated March 3, 1976, stating that Mrs. Greene was not charged with a criminal offense but mentally ill and needed hospitalization for her own welfare and protection and the protection of others. On March 17 the court issued an order and notice of hearing, setting it on March 25. The judge appointed two physicians to examine Mrs. Greene and their certificates were filed with the trial court. On March 22 Mrs. Greene executed this instrument:

```
"THE STATE OF TEXAS          )
 FOR THE BEST INTEREST       )
 AND PROTECTION OF           )
                             )
                             )
                             )
 Elease S. Green             )
 AS A MENTALLY ILL PERSON
```

I, Elease S. Green , DO HEREBY STATE THAT I DO NOT DESIRE TO BE PRESENT AT THE HEARING ON THE APPLICATION FOR TEMPORARY HOSPITALIZATION FILED WITH THE COUNTY COURT OF HARRIS COUNTY ON MY BEHALF.

I DO HEREBY AUTHORIZE SAID COUNTY COURT TO MAKE ITS FINDINGS UPON THE BASIS OF THE CERTIFICATES OF MEDICAL EXAMINATION FOR MENTAL ILLNESS ON FILE WITH SAID COURT, AND TO ADVANCE THE CASE TO BE HEARD AT THE EARLIEST POSSIBLE DATE."

It was witnessed by her court-appointed attorney, but was not filed with the court until March 24. The trial court had advanced the hearing to March 23 and filed the commitment order with the waiver. On March 25 Mrs. Greene, acting through another attorney, filed a motion to set aside a judgment. It was denied.

Mrs. Greene's points of error are: (1) the right to be present at commitment hearing cannot be waived, (2) the Texas Mental Health Code is unconstitutional because it does not require the State to prove its case beyond a reasonable doubt, (3) it was error not to give notice to Mrs. Greene of her Fifth Amendment right against self-incrimination, (4) the trial court erred in not considering alternatives to commitment, and (5) the trial court erred in basing its judgment solely on hearsay evidence. We affirm.

■ There being no statement of facts and no findings of fact or conclusions of law, such facts as are necessary to support the trial court's judgment must be presumed to have been found. *Commercial Credit Corp. v. Smith*, 143 Tex. 612, 187 S.W.2d 363 (1945).

■ We overrule Mrs. Greene's first point of error. Due process requires the presence of the person proposed to be involuntarily committed at all judicial proceedings conducted for that purpose, *Specht v. Patterson*, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), unless the right has been knowingly and intelligently waived by such person or by adversary counsel acting in her behalf and for good cause shown. *Lynch v. Baxley*, D.C., 386 F.Supp. 378 (1974).

■ We have noted that Mrs. Greene signed a waiver, witnessed by her attorney, stating that she did not desire to be present at the hearing. The appellant has not shown that the trial court failed to meet due process requirements in accepting her waiver of the right to be present.

■ As to Mrs. Greene's second point of error, we have found no basis for concluding that the Texas Mental Health Code is unconstitutional for failure to require the State to prove beyond a reasonable doubt that the proposed patient is mentally ill and needs hospitalization for his own welfare and the protection of himself and others. The statutes under which Mrs. Greene was committed, Art. 5547–31 through 5547–39d, provide that the court may order temporary hospitalization (for not more than 90 days) after a hearing (to be held within 14 days) to determine whether the proposed patient is mentally ill and requires observation or treatment for his own welfare and protection or the protection of others. Art. 5547–38(c) states that if the court finds upon the hearing that the proposed patient is mentally ill and requires treatment or observation but that commitment to a mental hospital is not necessary, the court may order the proposed patient to submit to other suitable treatment or observation. We hold that these statutes, entitled "TEMPORARY HOSPITALIZATION FOR OBSERVATION AND/OR TREATMENT," are not unconstitutional for failure to require the State to prove its case beyond a reasonable doubt. We agree with the holding in *Lynch v. Baxley*, supra, that the proper standard of proof in this civil hearing is not that of reasonable doubt, "a degree of proof virtually unattainable at this stage in the development of psychiatric medicine."

■ The appellant correctly cites *In re Ballay*, 157 U.S.App.D.C. 59, 482 F.2d 648 (1973), as holding that proof supporting the commitment must be beyond a reasonable doubt. In that case the U. S. Court of Appeals, District of Columbia Circuit, did not hold unconstitutional the D. C. statute authorizing an indefinite commitment but rather held that the appellant was deprived of due process of law because the jury did not determine, beyond a reasonable doubt, that he was mentally ill and consequently dangerous. In our case, since we have no statement of facts before us, we cannot say that the State failed to show beyond a reasonable doubt that Mrs. Greene should have been committed.

■ Concerning Mrs. Greene's third point of error, the record does not show whether she was given notice of the privi-

lege against self-incrimination. Even if she was not, it has not been shown that she incriminated herself. The privilege against self-incrimination protects any disclosures which the subject may reasonably believe could be used in a criminal prosecution or which could lead to other evidence that might be so used. *Lynch v. Baxley*, supra, at p. 394. That privilege does not protect a subject from disclosures which would only tend to reveal mental illness.

■ Mrs. Greene's last two points of error are also overruled. Without a statement of facts we are unable to determine what alternatives were or were not considered by the trial court, and there is nothing in the record before us to indicate that the judgment was based solely on hearsay evidence.

Where the record consisted solely of a transcript with no statement of facts and where findings of fact were neither requested nor filed and the judgment recited that the trial court heard and considered the evidence, the Court of Civil Appeals would presume that the trial court found every fact in issue necessary to sustain its judgment. *Commercial Credit Corp. v. Smith*, supra.

Affirmed.

EVANS, J., dissents.

EVANS, Justice (dissenting).

There is a serious question, evidenced by the face of the record, as to whether Mrs. Greene was afforded due process in this case.

The application for determination that Mrs. Greene was mentally ill and for a ninety day order of commitment was filed on March 17, 1976. On that same date the court set hearing on the application for March 25, 1976, appointed two physicians, Irving Belz, M. D. and Jules Bohnn, M. D., to examine the patient and appointed an attorney ad litem to represent Mrs. Greene. Also on that same date it issued notice to Mrs. Greene which was served upon her the following day, advising her that the hearing would be had on March 25, 1976. On March 23, 1976, the hearing was held on the application and the following day, March 24, 1976, the order of commitment was filed in the proceedings together with the instrument signed by Mrs. Greene dated March 22, 1976, indicating she did not desire to be present at the hearing.

Although it is entirely possible that the paper signed by Mrs. Greene waiving her right to be present at the hearing, was presented to the court at the time of the hearing, the clerk's file mark raises an inference to the contrary. The order of commitment is silent as to whether the court considered the waiver by Mrs. Greene of her right to be present at the hearing.

In *Lynch v. Baxley*, cited in the majority opinion, it is stated:

". . . Waiver by the person to be committed in his own behalf is valid only upon acceptance by the court following a judicial determination that he understands his rights and is competent to waive them. Waiver by counsel in his client's behalf is valid only upon approval by the court after an adversary hearing at the conclusion of which the court judicially finds and determines that the person proposed to be committed is so mentally or physically ill as to be incapable of attending such proceedings." (386 F.Supp. 378, 389)

The order of commitment made no express finding with respect to these matters. It did recite that the attorney ad litem had announced ready in the case and that the court proceeded to consider the evidence, including the physicians' certificates filed in the cause. It awarded the attorney ad litem the sum of $25.00 as compensation for his representation of Mrs. Greene. Although the record does not reflect the extent of the court's determination as to Mrs. Greene's capability of attending the proceeding, it raises a serious question, in my opinion, as to whether there was a knowing and intelligent waiver by Mrs. Greene or her "representative counsel occupying a tra-

ditional adversarial role." (386 F.Supp. 389)

The certificates of the two physicians contain conclusionary statements that Mrs. Greene "is mentally ill and . . . requires observation and treatment in a mental hospital." The handwritten descriptions of the physicians' diagnoses of Mrs. Greene's physical and mental condition on the date of examination are for the most part illegible. It appears doubtful that the conclusionary statements of the physicians suffice as probable cause for detention, even in the absence of opposition. See Art. 5547–37, Tex.Rev.Civ.Stat.Ann.; *In re Barnard*, 147 U.S.App.D.C. 302, 455 F.2d 1370, 1375 (1971).

We can only speculate as to the adverse effect a ninety day commitment in a mental hospital may have upon an 80 year old woman. Most of us cannot perceive the pain, humiliation and feeling of rejection which an aging person may occasion as a result of such an experience. The institutional detention of a person should be ordered only upon satisfactory proof and after consideration of available alternatives. Article 5547–38(b), 1975, Tex.Rev.Civ.Stat. Ann. Due to advanced age and increasing symptoms of senility a person may become a nuisance to the family members charged with the legal or moral responsibility of such person's care. Before ordering institutional detention, our courts should exercise special care in determining that basic due process requirements are met.

I would reverse and remand the cause for another hearing.