Robert CLOER, Appellant,

v.

FORD & CALHOUN GMC TRUCK COMPANY, et al., Appellees.

No. 1001.

Court of Civil Appeals of Texas, Tyler.

June 9, 1977.

Blake Bailey, Wellborn & Houston, Henderson, for appellant.

Mike Hatchell, Ramey, Flock, Hutchins, Grainger & Jeffus, Jerry Bain, Loftis, Rowan, Files, Clayton, Bain & Clark, Tyler, for appellees.

MOORE, Justice.

The opinion heretofore rendered on May 12, 1977, is withdrawn and the following is substituted therefor.

This is an appeal from a take-nothing judgment entered by a trial court pursuant to defendant's pleas in bar alleging res judicata, collateral estoppel and estoppel by judgment. Plaintiff brought suit against defendant, Ford & Calhoun GMC Truck Company (Dealer) seeking damages for breach of warranty under the Texas Consumer Protection Act, Tex.Bus. & Comm. Code, sec. 17.41 et seq. As grounds for a cause of action, plaintiff alleged that he purchased a truck from the Dealer and in connection therewith, the Dealer made certain representations in the nature of express and implied warranties. The Dealer answered with a general denial and a plea in bar alleging that the plaintiff's claim was barred by the doctrine of res judicata, collateral estoppel and estoppel by judgment because of a prior judgment entered against the plaintiff by the United States District Court in *Cloer v. General Motors Corporation*, D.C., 395 F.Supp. 1070 which suit involved the same transaction. The Dealer also filed a third party action over against General Motors Corporation (GM) seeking contribution and indemnity. In response to Dealer's third party action, GM answered with a general denial, and by a plea in bar alleged that any claims or demands made by the plaintiff which would expose GM to any liability as a result of the Dealer's third party action for contribution or indemnity, were barred by the doctrine of res judicata because of the aforementioned judgment rendered against plaintiff in the suit in Federal Court. Prior to trial on the merits the trial court rendered a take-nothing judgment against plaintiff reciting that, after considering the motions by Dealer and GM alleging res judicata, collateral estoppel and estoppel by judgment, the court was of the opinion that said motions should be sustained and that "Plaintiff recover and take nothing from Defendants, FORD AND CALHOUN GMC TRUCK COMPANY and GENERAL MOTORS CORPORATION . . . ." From such disposition the plaintiff perfected this appeal. The Dealer did not appeal from the take-nothing judgment rendered in favor of GM on the third party claim.

We affirm.

The record is before us by way of a transcript only. There is no statement of facts and no findings of fact or conclusions of law.

After the appeal had been perfected, the parties filed the following stipulations:

"(a) That the Appellees' pleas in bar were heard prior to the selection of a jury when this cause was regularly called for trial.

"(b) That the hearing was willingly and voluntarily participated in by counsel for all parties to the action.

"(c) That no objection was voiced by any of the parties to the trial court's hearing and deciding the pleas in bar prior to selection of the jury."

By a single point of error the plaintiff contends that the trial court erred in rendering a summary judgment in favor of the Dealer.

At the outset we hasten to point out that although plaintiff refers to the judgment as a summary judgment, this is not a summary judgment proceeding under Rule 166–A of the Texas Rules of Civil Procedure. This is a situation where plaintiffs willingly and voluntarily allowed the trial court to hear and dispose of the defendant's and cross-defendant's pleas in bar at a preliminary hearing before the trial court prior to a trial on the merits. Plaintiff, not being satisfied with the trial court's ruling seeks a reversal on the ground that judgment is not supported by the evidence adduced on the preliminary hearing. Under the record before us, plaintiffs' position is untenable.

It is a well settled rule that the appellant, as the party complaining on appeal, has the burden to bring forward to a Court of Civil Appeals a record sufficient to disclose the error alleged to have been made by the trial court. *Uvalde Const. Co. v. Joiner*, 132 Tex. 593, 126 S.W.2d 22, 24 (Tex.Com.App.1939, opinion adopted); *Morris v. Burney*, 504 S.W.2d 800, 803 (Tex.Civ. App.—Fort Worth 1974, no writ). Every presumption must be indulged in favor of the trial court's judgment where the record contains no findings and no statement of facts. *Commercial Credit Corp. v. Smith*, 143 Tex. 612, 187 S.W.2d 363, 365 (1945); *Greene v. State*, 537 S.W.2d 100, 102 (Tex. Civ.App.—Houston [1st Dist.] 1976, no writ); *Vaughn v. Gulf Ins. Co.*, 151 S.W.2d 227, 229 (Tex.Civ.App.—Fort Worth 1941, no writ).

As stated, the entire record in this case consists of nothing more than the transcript and the stipulation of the parties neither of which shed any light on what transpired at the preliminary hearing or the

basis on which the trial court sustained the pleas in bar.

Under these circumstances we must presume that the evidence presented in the lower court was sufficient to sustain the judgment.

The judgment of the trial court is affirmed.

McKAY, J., not participating.