WHITEHEAD-final 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-439-CV





WHITEHEAD PROPERTIES, INC.,



 
 APPELLANT


vs.





MURIEL KILE, JANE R. BLANCH, MARGARET R. TEMPLETON,


MARY ELLEN BUNYARD, AND NONALEE HOLMAN,



 APPELLEES



 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT



NO. CV90-0795-A, HONORABLE ROYAL HART, JUDGE PRESIDING



 



 This is a suit seeking judicial construction of a water-rights contract. Appellees,
Muriel Kile, Jane R. Blanch, Margaret R. Templeton, Mary Ellen Bunyard, and Nonalee Holman
filed this action to enjoin appellant, Whitehead Properties, Inc. ("Whitehead"), from operating
water wells that appellees claim violate an earlier agreement. The trial court rendered judgment
in favor of appellees and enjoined Whitehead from operating the wells. We will affirm the
judgment of the trial court.



BACKGROUND


 No statement of facts is before this Court. The background information set forth
below comes from the trial court's findings of fact or from unchallenged assertions in Whitehead's
brief, which may be accepted as correct. See Tex. R. App. P. 74(f). 

 The head of Lipan Creek, which is Lipan Springs, is located on a ranch Whitehead
owns. Appellees own property that is immediately downstream from the Whitehead ranch. In
1975, Whitehead and appellees entered into a Compromise and Settlement Agreement (the
"agreement") that settled earlier litigation concerning the parties' rights to the water flowing from
Lipan Springs. The parties agreed that Whitehead would release downstream seventy-five percent
of the water flowing from the springs. The agreement provided that Whitehead would install two
flow monitors: one at the head of Lipan Springs to measure the flow of the springs and another
just below a reservoir on the Whitehead ranch to measure the flow of Lipan Creek. The
agreement required the amount of water flowing downstream to appellees, as measured by the
Lipan Creek flow monitor, to be at least seventy-five percent of the total flow measured by the
Lipan Springs flow monitor.

 In January 1990, Whitehead drilled five producing water wells in a semi-circle
around the head of Lipan Springs. The wells diverted water from the head of the springs into
Whitehead's reservoir from which Whitehead drew water to irrigate crops. The operation of the
wells enabled Whitehead to use water from Lipan Springs before it flowed through the Lipan
Springs flow monitor.

 After a bench trial, the trial court found that the operation of the wells interfered
with the total flow of water from Lipan Springs and was not permitted under the agreement. The
trial court awarded attorney's fees to appellees and enjoined Whitehead from operating the wells
unless the water pumped from the wells first passed through the Lipan Springs flow monitor.



DISCUSSION


 Because Whitehead has not timely filed a statement of facts, we must presume that
the evidence supports the trial court's findings of fact. See Commercial Credit Corp. v. Smith,
187 S.W.2d 363 (Tex. 1945). Under the Texas Rules of Appellate Procedure, it was Whitehead's
responsibility to bring forward a sufficient record for our review. Tex. R. App. P. 50. 
Whitehead's first, fourth, and sixth points of error contest factual findings of the trial court. 
Whitehead complains that the trial court erred by failing to find that the wells produce percolating
groundwater, by finding that Whitehead's attorney drafted certain portions of the agreement, and
by finding that Whitehead caused appellees' damages, although the judgment did not award
damages. Because we must assume that the evidence supports the trial court's findings of fact,
we overrule Whitehead's first, fourth, and sixth points of error.

 Whitehead's third point of error maintains that, as a matter of law, the trial court
failed to construe the agreement as a whole by disregarding a portion that provided that Whitehead
expressly reserved the right to drill and pump water wells on its property, notwithstanding any
other provisions in the agreement to the contrary. (1) The agreement is not part of the record before
the Court.

 Although we must assume that the evidence supports the trial court's findings of
fact, conclusions of law are always reviewable. Middleton v. Kawasaki Steel Corp., 687 S.W.2d
42, 44 (Tex. App.--Houston [14th Dist.] 1985, writ ref'd n.r.e.). Since conclusions of law must
be drawn from the facts, we cannot reach a result that is inconsistent with the factual findings. 
The trial court found that the parties intended for appellees to receive at least seventy-five percent
of the total flow of water from Lipan Springs and that Whitehead's operation of the wells caused
the amount of water appellees received to fall below that amount. Without contradicting the
factual findings, we cannot conclude that, as a matter of law, the agreement allows Whitehead to
operate water wells that reduce the amount of water flowing downstream to appellees below
seventy-five percent of the total flow of the springs. We overrule Whitehead's third point of
error. 

 Similarly, Whitehead argues that the limitations the court imposed on Whitehead's
right to operate water wells constitute a waiver of its groundwater rights. Whitehead claims that
the agreement only affects surface-water rights and that the language clearly demonstrates that
Whitehead had no intention to relinquish its groundwater rights. Nonetheless, to the extent that
retention of its groundwater rights allows Whitehead unlimited use of the water in Lipan Springs,
retention of those rights conflicts with the factual findings. Whitehead's second and ninth points
of error are overruled.

 Whitehead's fifth point of error asserts that the trial court improperly assumed
jurisdiction over this controversy under an arbitration clause contained in the agreement. The trial
court's judgment recited that relief was granted alternatively under the court's authority as
arbitrator only to the extent that such authority was necessary to uphold the judgment. Whitehead
does not contend that this dispute is subject to mandatory arbitration; therefore, the trial court's
jurisdiction over this dispute under its general judicial authority is proper. The trial court's recital
of an alternative basis of authority does not affect the validity of its judgment. Moreover, absent
a statement of facts we are unable to review the trial court's construction of the arbitration clause. 
Whitehead's fifth point of error is overruled.

 In its seventh point of error, Whitehead contends that the trial court erred in
awarding attorney's fees to appellees, because the court failed to construe properly a portion of
the agreement that provided that the parties thereto would pay their own costs. Because we must
assume that the evidence supports the trial court's finding that appellees were entitled to attorney's
fees, Whitehead's seventh point of error is overruled.

 Whitehead's eighth point of error complains that the trial court abused its discretion
by awarding attorney's fees to appellees under the Uniform Declaratory Judgments Act, Tex. Civ.
Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1986 & Supp. 1993), because appellees' prayer
for declaratory judgment did not include a specific request for attorney's fees. We need not reach
the merits of this argument. Given the possibility of an amendment at trial and absent a statement
of facts, Whitehead is unable to sustain its burden of showing that appellees' pleadings were
insufficient to support an award of attorney's fees. See Tex. R. Civ. P. 67. Whitehead's eighth
point of error is overruled.



CONCLUSION


 Having overruled all of Whitehead's points of error, we affirm the judgment of the
trial court.



 

 Jimmy Carroll, Chief Justice


[Before Chief Justice Carroll, Justices Aboussie and Jones;

   Justice Aboussie not participating]


Affirmed


Filed: May 12, 1993

 

[Do Not Publish]
1. The trial court's findings of fact set forth the following relevant portion of paragraph V
of the agreement: "Notwithstanding anything to the contrary contained herein, this agreement
shall not be construed as granting, waiving, releasing or denying any rights, obligations,
causes of action, defenses or other equities to any of the parties hereto by reason of the drilling
of and pumping of water from a water well or water wells on the above lands of Defendant;
but this compromise and settlement agreement shall not be construed to have any force and
effect as to any rights, causes of action, defenses, liabilities, or other equities of any of the
parties hereto arising out of the drilling of and pumping of water from a water well or water
wells on the lands of Defendant, and each of the parties hereto, in such event, shall have said
rights, causes of action, defenses, liabilities or other equities as may be provided by law."