Opinion issue May 29, 2008









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00500-CV






RONALD X. GORDON, Appellant


V.


MILDRED JONES AND JAMES ALBRO, Appellees






On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 02-CV-124172






MEMORANDUM OPINION


 After a bench trial, the trial court rendered a take nothing judgment in favor or
appellees, Mildred Jones and James Albro, on Ronald X. Gordon's trespass to try title
and fraud claims. We affirm.

BACKGROUND

 A brief recitation of this history of this case, portions of which have twice been
appealed to this Court, is required. 

The County Court Case (Gordon I)

 In August 2001, Gordon filed an application in Fort Bend county court to
determine the heirship of his father's and his father's cousin's estates. Gordon v.
Jones, 196 S.W. 3d 376, 378 (Tex. App.--Houston [1st Dist.] 2006, no pet.)
(hereinafter "Gordon II"). Gordon's pleadings in county court alleged that he was the
sole heir of his father, who was the sole heir of his father's cousin, and that his
father's cousin's will had been fraudulently probated in Wharton County, when it
should have been probated in Fort Bend County. Id. at 378-79. In May 2002, the
county court dismissed appellant's applications to determine heirship for want of
jurisdiction. Gordon appealed the dismissal of the application to determine his
father's heirship. Id. at 379. This Court held that, although appellant's assertions of
fraud and attorney misconduct were improper in an heirship proceeding, such
impropriety did not divest the county court of subject-matter jurisdiction. Gordon v.
Albro, No. 01-02-00681-CV, slip op. at 6, 2003 WL 2002543 at *2 (Tex.
App.--Houston [1st Dist.] May 1, 2003, no pet.) (hereinafter, "Gordon I"). On
remand, appellant proceeded in county court solely on the determination-of-heirship
proceeding, but not his fraud and attorney misconduct claims. Gordon II, 196 S.W.
3d at 379. The county court tried Gordon's application to determine his father's
heirship, and rendered judgment that disposed of the disputed property and awarded
Gordon 100% of his father's real and personal property. Id. at 379-80. That
judgment put an end to the Gordon I litigation in county court.

 The District Court Case (Gordon II)

 While the county court case was on appeal, Gordon filed a trespass-to-try-title
action in Fort Bend district court. Gordon II, 196 S.W.3d at 379. In addition to his
claims to quiet title, Gordon again alleged fraud and attorney misconduct relating to
the probate of his father's cousin's will. Id. After the county court case proceeded
to judgment on remand, the district court granted Albro's motion to dismiss the
district court case based on the theory of dominant jurisdiction. Id. at 380. Gordon
appealed the dismissal of the district court case. On appeal, this Court noted that the
doctrine of dominant jurisdiction related to venue, not subject matter jurisdiction, id.
at 382-83, and concluded that the district court did, in fact, have subject matter
jurisdiction over the trespass-to-try-title and fraud claims raised in Gordon's district
court pleadings. Id. at 382. This Court further concluded that dismissal with
prejudice was not a proper remedy in a situation involving a request for a dismissal
based on the doctrine of dominant jurisdiction. Id. at 386. Because the county court
case had proceeded to final judgment on remand before the district court dismissed
Gordon's district court claims with prejudice, this Court noted that the district court
had "summarily disposed of [Gordon's district court claims] by precluding [him] from
ever reasserting them." Id. Put simply, Gordon's fraud and trespass to try title claims
could never be tried because of the trial court's erroneous dismissal with prejudice. 
Accordingly, we reversed and remanded for further proceedings. Id. 

 On remand, a bench trial was held on Gordon's claims and the court rendered
a judgment that Gordon take nothing by way of his claims. The judgment further
awarded Jones title and possession to a one acre tract of land and Albro title and
possession to a 23.13 acre tract of land. No findings of fact and conclusions of law
were requested or filed.

 This appeal followed. There is no reporter's record from the bench trial.

LAW AND ANALYSIS

 In issues one and five, appellant contends the trial court refused to consider his
fraud claims in violation of this Court's judgment in Gordon II, 196 S.W.3d 376. In
issue two, appellant contends the trial court erred in rendering judgment in favor of
Jones and Albro on his trespass to try title claims because the evidence shows that
there were defects in Albro's abstract of title and that Gordon was in prior possession
of the land at issue. In issue three, Gordon contends the trial court erred by granting
judgment in Jones's favor because a pretrial order precluded Jones from presenting
evidence of her claim at trial because of her failure to file an abstract of title. Finally,
in issue four, Gordon contends the trial court erred in granting judgment in favor of
Jones and Albro because of misconduct by their attorney, who, Gordon alleges,
signed pleadings in bad faith.

 When, as here, there are no findings of fact and conclusions of law and no
reporter's record included in the record on appeal, the reviewing court presumes that
all facts necessary to support the judgment have been found. See Commercial Credit
Corp. v. Smith, 187 S.W.2d 363, 365 (Tex. 1945). Only when fundamental error is
shown on the face of the record is the appellant entitled to reversal of the trial court's
judgment. Id., Ette v. Arlington Bank of Commerce, 764 S.W.2d 594, 595 (Tex.
App.--Fort Worth 1989, no writ).

 Nothing in the record shows that the trial court refused to consider Gordon's
fraud claims, and we presume that facts necessary to support the trial court's take
nothing judgment on fraud were found. See Commercial Credit, 187 S.W.2d at 365. 
In fact, the judgment recites that "all matters of fact and things in controversy were
submitted to the court." 

 Accordingly, we overrule issues one and five.

 Although the record contains a motion filed by Gordon alleging defects in
Albro's abstract of title, there is no evidence that the trial court ruled on such motion,
nor is there evidence from the bench trial showing such defects. Gordon also alleges
that he proved prior possession of the property. Again, there is no evidence from the
bench trial to show such prior possession, and we presume the facts necessary to
support the trial court's judgment were found. Id. 

 Accordingly, we overrule issue two.

 Gordon also alleges that the judgment in Jones's favor cannot stand because
she failed to file an abstract of title at trial. Again, there is no evidence in the record
to show that Jones did not file an abstract, and we presume the facts necessary to
support the trial court's judgment were found. Id.

 Accordingly, we overrule issue three.

 Finally, Gordon alleges that the trial court erred in awarding judgment to Jones
and Albro in light of their attorney's misconduct. There is no evidence in the
appellate record to show the attorney's misconduct, and we presume the facts
necessary to support the trial court's judgment were found. Id. 

 Accordingly, we overrule issue four.

CONCLUSION

 Gordon alleges no fundamental error on the face of the record. Therefore, we
affirm the judgment of the trial court.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.