**In the Matter of the Mental Condition of WARD M.,**

**Ward M., Appellant.**

**No. 13809.**

Supreme Court of Utah.

April 4, 1975.

———◆———

David E. Littlefield, Salt Lake County Bar Legal Services, Salt Lake City, for appellant.

R. Paul Van Dam, Salt Lake County Atty., Richard S. Shepherd, Deputy Salt Lake County Atty., Salt Lake City, for respondent.

HENRIOD, Chief Justice:

Appeal from an order of the trial court, after a full hearing, where four psychiatric doctors whose competencies never were challenged unanimously recommended hospitalization to *help*, not *dungeon* Ward M. a mental problem. Affirmed.

The record quite clearly, without equivocation, according to the clear, convincing, uncontroverted evidence reflected in the record, predicates mercy, not incarceration for the subject. Nonetheless, counsel for the County Legal Defense system asks this court on appeal, declaratorily to adjudge that the trial court erred in not laying down a rule to the effect that in a case like this, the adjudgment should be based on evidence beyond a reasonable doubt. Who, but the judge, in a case like this, should be the Judge of the Judge, whose decision may have been based on something even superior than the test demanded by counsel for appellant?

In our opinion this appeal is some kind of a left-handed interdictory challenge to the trial judge to fabricate an unnecessary rule of evidence, where the record clearly shows he leaned over backward as almost to break his clavicle to help an unfortunate (who, strangely enough, himself appeared to agree with the judge). An argument could be advanced in a case like this, that any agency urging such issue should fold its tent and quietly steal into the desert and thus save the taxpayers' expense for further shelter, what with dragging out Article I of the Utah Constitution, and the Fifth and Fourteenth Amendments to the federal Constitution,—honored in time and sense,—but dimmed here, by illogic, designed, apparently, not to help a person in need, or succor one who mired down, but only to perpetuate a mushrooming bureaucratic body of law by pleading for a rule in a case where such rule really was not in issue, or if it had been, better might be referred to an appropriate Bar Association or legislative committee for study.

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.