**Dennis POWERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 5617.**

Court of Civil Appeals of Texas, Waco.

Oct. 28, 1976.

Rehearing Denied Nov. 10, 1976.

Jim Crow, Waco, for appellant.

Martin D. Eichelberger, Waco, for appellee.

## OPINION

JAMES, Justice.

This is a mental illness case, Appellant Dennis Powers having been committed for an indefinite period by the County Court of McLennan County, Texas. Trial was to a jury which found: (1) That Powers is mentally ill, and (2) he requires hospitalization in a mental hospital for his own welfare and protection or the protection of others. Based upon the jury verdict, the trial court entered judgment which decreed Powers to be mentally ill and committed him for an indefinite period to the Veterans Administration Hospital at Waco, Texas.

Appellant assails the trial court's judgment on four points of error, to wit: that the court committed fundamental error and thereby violated due process (1) by applying a vague standard of commitment, (2) in using the wrong burden of proof in submission of special issues to the jury, and (3) by "not giving notice to Appellant of his right to an independent medical examination." Appellant's remaining point complains of legal insufficiency of the evidence to support the jury's answers to the special issues. We overrule all of Appellant's points of error and affirm the trial court's judgment.

We revert to Appellant's first point, that is, that the trial court applied a vague standard of commitment and thereby violated due process under the Fourteenth Amendment to the Federal Constitution. The trial court submitted special issues to the jury in compliance with Article 5547–51, Vernon's Annotated Texas Statutes. Special Issue No. 2 inquired of the jury: "Do you find from a preponderance of the evidence, if any, that the proposed patient requires hospitalization in a mental hospital for his own welfare and protection or the protection of others?" Appellant says that this standard of commitment is too vague because it leaves the jury free to decide whether to commit the Appellant without any fixed legal standard and that such a standard lends itself to arbitrary, discriminatory, and inconsistent applications of the law. We do not agree.

■ Appellant has cited us to no Texas case holding that the standard of commitment prescribed by Article 5547–51 is unconstitutional, and we have found none. Moreover, we find authority from among the decisions of Federal Courts which tend to uphold the constitutionality of the Texas standard of commitment prescribed by Article 5547–51. See *Humphrey v. Cady* (1972) 405 U.S. 504, 509, 92 S.Ct., 1048, 31 L.Ed.2d 394. In *Humphrey* the U. S. Supreme Court in dictum at 92 S.Ct. 1052 recites with implied approval the standard of commitment prescribed by the Mental Health Act of the State of Wisconsin, which is very similar to and substantially the same as the Texas standard. Also see *Reynolds v. Sheldon* (D.C.Texas 1975) 404 F.Supp. 1004, 1009; *Bell v. Wayne County General Hospital at Eloise* (D.C.Michigan 1974) 384 F.Supp. 1085, 1096, 1102. In the absence of any Texas case law on the subject, and in the light of the Federal authorities hereinabove cited, we hold that the standard of commitment prescribed by Article 5547–51 is constitutional. Appellant's first point is overruled.

■ Appellant's second point asserts the trial court erred in requiring the State to prove its case by a "preponderance of the evidence," and contends thereby that appellant has been denied due process of law under the Fourteenth Amendment to the Federal Constitution. Appellant says the trial court should have required and applied a more stringent burden of proof for the State to assume, such as proof by "clear, unequivocal, and convincing evidence" or proof "beyond a reasonable doubt." We overrule this point of error and these contentions.

In the case at bar, the trial court submitted the two special issues hereinabove

mentioned by prefacing each with the language:

"Do you find from a preponderance of the evidence _____?" The Mental Health Code of the State of Texas (Article 5547–1 to 204, inclusive, Vernon's Annotated Texas Statutes) does not prescribe the burden of proof to be imposed upon the State in commitment proceedings. However, it has been held in Texas that the Mental Health Code is not unconstitutional for failure to require the State to prove "beyond a reasonable doubt" that the proposed patient is mentally ill and requires hospitalization for his own welfare and protection of himself and others.

*Greene v. State* (Tex.Civ.App. Houston 1st CA 1976) 537 S.W.2d 100, no writ. Moreover, in *Tippett v. State of Maryland* (4th Cir. 1971) 436 F.2d 1153, 1159, certiorari dismissed as improvidently granted under the name of *Murel v. Baltimore City Criminal Court* (1972) 407 U.S. 355, 92 S.Ct. 2091, 2093, 32 L.Ed. 791, wherein the burden of proof used was "by a preponderance of the evidence," it was held that such burden of persuasion did not violate due process. The Court in *Tippett* further said on page 1159: "In any event, in the present state of our knowledge, choice of the standard of proof should be left to the state." We agree, and hold that the burden of proof used by the trial court, to wit, by a "preponderance of the evidence" did not violate due process and is a constitutional burden of proof. Appellant's second point of error is accordingly overruled.

■ Appellant challenges the constitutionality of Articles 5547–42, 44, and 49, V.A.T.S., because they do not call for an independent medical examination before a person can be involuntarily committed, nor do they call for Appellant's right to such independent medical examination at court expense if he were indigent. We are cited to no Texas authority holding the above articles to be unconstitutional, and we have found none. We fail to see any basis for holding such statutes unconstitutional, and thereby overrule this point of error. Appel-

lant stresses the desirability of the Defendant-Appellant being entitled to an independent medical examination at his own expense or at court expense in the event Defendant-Appellant is indigent. Be that as it may, this is a matter to be addressed to the Legislature and not to the courts, and in our opinion does not bear upon the constitutionality of these statutory provisions.

Finally, Appellant challenges the legal sufficiency of the evidence supporting the jury's findings in answer to the two special issues hereinabove described. However, no statement of facts was brought forward.

■ In the absence of a statement of facts, it must be presumed on appeal that legally and factually sufficient evidence was introduced to support the findings and judgment of the trial court. *Ehrhardt v. Ehrhardt* (Waco CA 1963) 368 S.W.2d 37, writ refused; *Englander Co. v. Kennedy* (Tex.1968) 428 S.W.2d 806.

All of Appellant's points and contentions have been carefully considered, and are overruled. Judgment of the trial court is accordingly affirmed.

AFFIRMED.