**Dan TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12508.**

Court of Civil Appeals of Texas, Austin.

Nov. 3, 1976.

Rehearing Denied Nov. 24, 1976.

Larry W. Wise, Sloan & Wise, Austin, for appellant.

W. W. Bob Richardson, Asst. County Atty., Austin, for appellee.

SHANNON, Justice.

Dan Turner's indefinite commitment to the Austin State Hospital is the subject of this appeal. The question is whether the county court properly charged the jury concerning the State's burden of proof. The charge was that the State had the burden to prove each special issue by "clear and convincing" evidence.

The proceeding originated in the county court of Travis County by the filing of a petition for indefinite commitment of Dan Turner pursuant to Tex.Rev.Civ.Stat.Ann. art. 5547–41 (1975). The State alleged that Turner had been under observation and treatment at the Austin State Hospital for at least sixty days pursuant to a previous temporary commitment order. Further allegations were that Turner was mentally ill and required ". . . hospitalization in a mental hospital for his own welfare and protection or for the protection of others."

The proof was that Turner suffered a mental derangement diagnosed, "Schizo-

phrenia, Paranoid Type." Turner had been in and out of mental institutions many times.

The court charged the jury that the burden of proof was ". . . upon the State to prove each of the . . . special issues by clear and convincing evidence. Unless you find that the State has proved each of the . . . special issues by clear and convincing evidence, you will answer for that special issue 'No.' If you find that the State has proved a Special Issue by clear and convincing evidence, you will answer that special issue 'Yes.'" Turner's counsel objected to the court's charge for the stated reason that the State's burden was to prove each element necessary for commitment "beyond a reasonable doubt."

In response to the special issues the jury answered: (1) that Dan Turner was a mentally ill person, (2) that he was a mentally incompetent person, and (3) that he required hospitalization in a mental hospital for his own welfare and protection, or for the protection of others. Based upon the jury's answers to the special issues, judgment was entered committing Turner as a patient in the Austin State Hospital for an indefinite time.

Turner's important contention is that the State's burden in an indefinite commitment proceeding is to prove each element for commitment beyond a reasonable doubt.[1]

■ In a civil commitment proceeding the State must prove that (1) the proposed patient is mentally ill, and if so (2) that he requires hospitalization in a mental hospital for his own welfare and protection or the protection of others, and if so (3) that he is mentally incompetent. Tex.Rev.Civ.Stat. Ann. art. 5547–51 (1957). Neither art. 5547–51 nor any other provision of the Mental Health Code specifies the State's burden of proof. The absence of such a provision is not surprising since traditionally the determination of the proper burden of proof has

been regarded as one for judicial resolution. *Woodby v. Immigration and Naturalization Service,* 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966).

The State's burden of proof in an *indefinite* commitment proceeding is a question of major importance in Texas. The Fifth Court of Civil Appeals has written that in a *temporary* commitment proceeding the State has only the burden to prove the necessary elements for temporary commitment by "clear, unequivocal and convincing evidence." *Moss v. State,* 539 S.W.2d 936 (Tex.Civ.App.1976, no writ). The First Court of Civil Appeals has written that in a *temporary* commitment proceeding the burden of proof is not that of beyond a reasonable doubt. *Greene v. State,* 537 S.W.2d 100 (Tex.Civ.App.1976, no writ). The Tenth Court of Civil Appeals on October 27, 1976, held that the trial court correctly charged the jury to determine the required elements for an *indefinite* civil commitment by a "preponderance of the evidence." *Powers v. State,* 543 S.W.2d 194, 2 Tex.Ct.Rpt. 31 (Tex.Civ.App.1976). In *Powers,* the Waco Court of Civil Appeals stated that ". . . the burden of proof used by the trial court, to wit, by a 'preponderance of the evidence' did not violate due process and is a constitutional burden of proof."

There is out-of-state authority that an *indefinite* commitment for mental illness requires proof beyond a reasonable doubt. *In re Ballay,* 157 U.S.App.D.C. 59, 482 F.2d 648 (1973); *Lessard v. Schmidt,* 349 F.Supp. 1078, 1095 (E.D.Wis.1972), *vacated on other grounds,* 421 U.S. 957, 95 S.Ct. 1943, 44 L.Ed.2d 445 (1975); *Suzuki v. Quisenberry,* 411 F.Supp. 1113 (D.C.Haw.1976).

Other out-of-state cases hold that in an *indefinite* commitment proceeding the State has the burden to prove the necessary elements by "clear, unequivocal, and convincing" evidence. *Lynch v. Baxley,* 386 F.Supp. 378 (M.D.Ala.1974); *Dixon v. At-*

---

1. Appellant has not questioned the propriety of the instruction upon the basis that the burden of proof of "clear and convincing" evidence is but another way of stating the burden of proof

of "preponderance of the evidence." See *Meadows v. Green,* 524 S.W.2d 509 (Tex.1975). As a result, that problem is not before this Court, and is not considered.

torney General of Pennsylvania, 325 F.Supp. 966, 974 (M.D.Pa.1971); *In re Valdez*, 88 N.M. 338, 540 P.2d 818 (1975). The rationale of this line of authority is that since psychology and psychiatry are not exact sciences, the requirement of proof beyond a reasonable doubt would place an inordinate burden on the State.

It occurs to us that *because* psychology and psychiatry are not exact sciences, greater care should be exercised in indefinite commitments, and accordingly, a stricter burden of proof should be required of the State.

We certainly recognize that the State has a strong interest in the rehabilitation of a mentally ill person. If the proposed patient is dangerous, the State has an equally important interest in detaining him for his own protection and for the protection of others. The commitment framework, then, should not be so burdensome so as to thwart the State in achieving those interests.

█ On the other hand, the proposed patient has much at stake in an indefinite commitment proceeding. The chief consideration, of course, is that he may be forever deprived of his personal liberty. In addition, and unfortunately, real social and economic stigmas attach to one who is committed involuntarily to a mental hospital. And last, the elements of the State's case as set out in art. 5547–51 are necessarily somewhat nebulous and speculative. See *In re Ballay, supra.* All of these considerations warrant the exercise of grave caution by the fact finder in determining whether an indefinite commitment is justified in the particular case. That caution is served in one way by requiring that the State prove an indefinite commitment case beyond a reasonable doubt.

For the reason that the court erroneously instructed the jury concerning the State's burden of proof, the judgment is reversed and the cause is remanded to the county court for a new trial.

Reversed and Remanded.