Frank O'Neal **ADDINGTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 7910.

Court of Civil Appeals of Texas, Beaumont.

Jan. 6, 1977.

Rehearing Denied Feb. 1, 1977.

Martha L. Boston, Austin, for appellant.

Charles T. Lambert, Asst. Criminal Dist. Atty., Galveston, for appellee.

KEITH, Justice.

This is an appeal from an indefinite commitment of the appellant to the Austin State Hospital under the provisions of Sec. 52 (b) of the Texas Mental Health Code, Tex.Rev.Civ.Stat.Ann. Art. 5547 (1958).

The fact structure of the case which we review is almost a mirror image of the facts recited by Justice Shannon in the opinion in *Turner v. State,* 543 S.W.2d 453 (Tex.Civ. App.—Austin, application pending). For this reason, we omit any factual resume underlying the single question which we will confront in this opinion.

Appellant has vigorously urged, in the brief and in oral argument, that the trial

court erred in overruling his objection to the charge because it did not require the State to prove the factual basis for the confinement beyond a reasonable doubt. Just as in *Turner,* supra, the Court submitted such issues requiring the State to establish its right to affirmative answers thereto only by "clear and convincing" evidence.

We are in complete agreement with the rationale and the result reached in *Turner,* and do not find it necessary to write further on the question. In making this determination, we fully realize that the Tenth Court of Civil Appeals has held to the contrary. See *Powers v. State,* 543 S.W.2d 194 (Tex.Civ.App.—Waco 1976, application pending).

There are other points brought forward; but, until we have an authoritative answer to the question of the quantum of proof required, we do not deem it either advisable or necessary to pass upon them.

The judgment of the trial court is reversed and the cause is remanded.

REVERSED and REMANDED.

STEPHENSON, J., not participating.