STATE of Texas, Petitioner,

v.

Dan TURNER, Respondent.

No. B–6463.

Supreme Court of Texas.

Sept. 27, 1977.

Rehearing Denied Oct. 26, 1977.

Ned Granger, County Atty., Russell J. Bailey, Asst. County Atty., Austin, for petitioner.

Sloan & Wise, Larry W. Wise, Austin, for respondent.

DENTON, Justice.

This is an appeal from an indefinite commitment of the respondent under the provisions of the Texas Mental Health Code.[1] The principal question to be decided is the proper standard of proof required in these proceedings. We hold that preponderance of the evidence is the proper standard.

---

1.   Tex.Rev.Civ.Stat.Ann. Art. 5547–1 et seq.

Pursuant to jury findings that Dan Turner is a mentally ill person, and that he requires hospitalization in a mental hospital for his own protection or for the protection of others, the county judge has ordered Dan Turner committed to the Austin State Hospital for an indefinite period of time. The court of civil appeals has reversed, holding that the trial court erred in instructing the jury that the State's burden was to prove each special issue by "clear and convincing evidence." The court of civil appeals held the proper standard is "beyond a reasonable doubt." 543 S.W.2d 453. The court of civil appeals conflicts with the prior decision of another court of civil appeals in *Powers v. State*, 543 S.W.2d 194 (Tex.Civ.App.—Waco 1977, writ granted). The *Powers* court held that the proper standard is "preponderance of the evidence."

In Texas, a person becomes subject to *temporary* commitment to a mental hospital upon the application of any adult, supported by statements of two physicians that the person is mentally ill and requires observation and/or treatment in a mental hospital. Notice and hearing are required, and a jury is available upon demand. Upon conclusion of the hearing, the person will be ordered confined to a mental hospital for up to ninety days if it is determined that he (1) is mentally ill, and (2) requires observation and/or treatment for his own welfare and protection or the protection of others. The court may refuse to order commitment, otherwise permissible, if he finds that required observation or treatment can be accomplished without commitment to a mental hospital. An order of temporary commitment is appealable to a court of civil appeals. Mental Health Code §§ 31–39d.

Indefinite involuntary hospitalization is reserved only for those persons who have not responded to treatment during temporary hospitalization. Proceedings are initiated by the filing of a petition, which must include, among other things, statements on information and belief that the proposed patient is mentally ill and requires hospitalization for his or her own welfare or for the protection of others, and that he has recently been confined for at least sixty days

pursuant to an order of temporary hospitalization. Within fifteen days prior to filing of the petition, the proposed patient must have been examined by a physician who certifies that he or she is mentally ill and requires hospitalization. The physician's certification must accompany the petition. The proposed patient is entitled to counsel and statutory notice of hearing, and a jury trial in the absence of a written waiver in statutory form. The issues of fact to be determined are whether the proposed patient is (1) mentally ill, (2) in need of hospitalization for his own welfare and protection or for the protection of others, and (3) mentally incompetent. The answers to these issues must be based upon competent medical or psychiatric testimony. Affirmative answers to each issue warrant issuance of an order of indefinite commitment to a mental hospital. Mental Health Code §§ 40–57.

The principal issue as the case reaches this court concerns the proper standard of proof in indefinite civil commitment proceedings. As related above, the court of civil appeals has held that due process requires that the criminal law standard, "beyond a reasonable doubt," be applied. It is urged by the State that a lesser standard is not violative of the Due Process clause.

In a criminal proceeding, a person may not constitutionally be imprisoned in the absence of findings that, beyond a reasonable doubt, the prohibited acts were performed. The same is true in a juvenile delinquency proceeding, where an adjudication of delinquency would constitute adjudication of a crime if the defendant were an adult. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Santana v. Texas*, 397 U.S. 596, 90 S.Ct. 1350, 25 L.Ed.2d 594 (1970), *reversing* 444 S.W.2d 614 (Tex.1969). The respondent points out the similarities between juvenile delinquency proceedings and civil commitment proceedings; the stigma which attaches to an adjudication of delinquency compares with the stigma concomitant with the finding that one is mentally ill; indefinite confine-

ment of a juvenile delinquent for rehabilitation compares with indefinite commitment for treatment. These similarities have prompted several courts to conclude that due process requires proof beyond a reasonable doubt in civil commitment cases. *United States ex rel. Stachulak v. Coughlin,* 520 F.2d 931 (7th Cir. 1975); *In re Ballay,* 157 U.S.App.D.C. 59, 482 F.2d 648 (1973); *Suzuki v. Quisenberry,* 411 F.Supp. 1113 (D.Hawaii 1976); *Lessard v. Schmidt,* 349 F.Supp. 1078 (E.D.Wis.1972), *vacated and remanded on other grounds,* 414 U.S. 473, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974); *In re Andrews,* 334 N.E.2d 15 (Mass.1975). On the other hand, most of the more recent decisions hold that distinctions between civil commitment and criminal proceedings are sufficient to permit the somewhat lesser standard of clear and convincing evidence. *United States v. Brown,* 155 U.S.App.D.C. 402, 478 F.2d 606 (1973); *Doremus v. Farrell,* 407 F.Supp. 509 (D.Neb.1975); *Bartley v. Kremens,* 402 F.Supp. 1039 (E.D.Pa. 1975); *Dower v. Director, Patuxent Institution,* 396 F.Supp. 1070 (D.Md.1975); *In re Beverly,* 342 So.2d 481 (Fla.1977); *People v. Sansone,* 18 Ill.App.3d 315, 309 N.E.2d 733 (1974); *State v. Valdez,* 88 N.M. 338, 540 P.2d 818 (1975); *Moss v. State,* 539 S.W.2d 936 (Tex.Civ.App.—Dallas 1976, no writ); *In re Ward M.,* 533 P.2d 896 (Utah 1975); *State ex rel. Hawks v. Lazaro,* 202 S.E.2d 109 (W.Va.1974). In other cases the civil standard, preponderance of the evidence, has been applied. *Tippett v. Maryland,* 436 F.2d 1153, 1158–59 (4th Cir. 1971), *cert. dism'd sub nom., Murel v. Baltimore City Crim. Ct.,* 407 U.S. 355, 92 S.Ct. 2091, 32 L.Ed.2d 791 (1972); *In re Alexander,* 125 U.S.App.D.C. 352, 372 F.2d 925 (1967).

█ The general rule in civil cases is that the party having the burden of proof must establish the case by a preponderance of the evidence. Nevertheless, in certain types of cases the courts seem inclined to impose a somewhat stricter standard, requiring that proof be clear and satisfactory or clear and convincing. These include charges of fraud and mistake when relied upon to justify reformation; rescission or cancellation of a written estimate; or an action to engraft a parol trust or conditions upon a written instrument. However, it has been held that it is error to instruct the jury that an issue requires a standard of proof greater than that of the preponderance of the evidence. *Carl v. Settegast,* 237 S.W. 238 (Tex. Comm'n App.1922, holding approved); *Western Assur. Co. v. Hillyer-Deutsch-Jarratt Co.,* 167 S.W. 816 (Tex.Civ.App.1914, writ ref'd).

█ Some courts in other jurisdictions make a distinction between the standard of clear and convincing evidence and the usual civil standard of the preponderance of the evidence; however, Texas Courts review evidence by but two standards: factual sufficiency and legal sufficiency. The requirement of clear and convincing evidence is merely another method of requiring that a cause of action be supported by factually sufficient evidence. *Meadows v. Green,* 524 S.W.2d 509 (Tex.1975); *Omohundro v. Matthews,* 161 Tex. 367, 341 S.W.2d 401 (1960); In *Sanders v. Harder,* 148 Tex. 593, 227 S.W.2d 206 (1950), the Court said:

"In certain types of cases courts have frequently pointed out that the facts must be established by clear and convincing evidence. That rule, as said in *Carl v. Settegast,* Tex.Com.App., 237 S.W. 238, arose at a time when such suits were cognizable only in courts of chancery where matters of fact, as well as of law, were tried by the chancellor. Verdicts of juries in those courts were advisory only. In our blended system the field in which that rule operates is very narrow. In practical effect it is but an admonition to the judge to exercise great caution in weighing the evidence. No doctrine is more firmly established than that issues of fact are resolved from a preponderance of the evidence, and special issues requiring a higher degree of proof than a preponderance of the evidence may not be submitted to a jury. *Carl v. Settegast, supra* ; McCormick and Ray on Evidence, Section 30. In ordinary civil cases trial courts and Courts of Civil Appeals may set aside jury verdicts and grant new

trials when, in their opinion, those findings, though based upon some evidence, are against the great weight and preponderance of the evidence, but they may not render judgment contrary to such findings. In those cases in which the "clear and convincing" rule is applicable if, in the opinion of the trial judge, the evidence in support of the verdict does not meet the test of that rule, he may set it aside and order a new trial; but he should not render judgment contrary thereto."

■ We see several distinctions between civil commitment proceedings and criminal proceedings which justify the lesser standard. The involuntary mental patient is entitled to treatment, to periodic and recurrent review of his mental condition, and to release at such time as he no longer presents a danger to himself or others. Mental Health Code §§ 70, 77, 86. *Wyatt v. Aderholt*, 503 F.2d 1305 (5th Cir. 1974); *Donaldson v. O'Conner*, 493 F.2d 507 (5th Cir. 1974), *jdgmt. vacated*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975); Note, *Right to Treatment*, 86 Harv.L.Rev. 1282 (1973). The mental patient's loss of liberty therefore is less severe than that suffered by the convicted criminal. In addition, there is a significant difference between the retrospective assessment of conduct made by a jury in a criminal case, and the determination of *future* conduct and *future* need made by a jury in a civil commitment. This Court recently recognized in another context that rules of law are subject to alteration when problems inherent in methods of proof so require. *Robinson v. Weaver*, 550 S.W.2d 18 (Tex.1977). Such is the case here. If the deprivation of liberty inherent in the civil commitment process were held to mandate application of the highest standard of proof, the beyond a reasonable doubt standard, we feel that the State's ability to act as *parens patriae* for the mentally ill would be impaired. Medical science is not an exact art:

"[W]e disapprove the holding of . . . cases which require proof beyond a reasonable doubt. At this level of medical knowledge there may be many urgent cases in which it is impossible to exclude every reasonable doubt, and it appears that the likelihood of harm to individuals and society because of a standard of proof which makes commitment almost impossible greatly outweighs the likelihood of harm to the individual attributable to a less restrictive standard. Proof that is clear, cogent, and convincing is the highest standard of proof possible at the current state of the medical arts." *State ex. rel. Hawks v. Lazaro*, 202 S.E.2d 109, 126–27 (W.Va.1974).

Due process does not require, *ipso facto*, the highest standard of proof, even though personal liberty is at stake. The State, as *parens patriae* undertakes the beneficent task of treating the mentally ill, and under its police power protects the public from harm. These are valid, necessary state objectives which should not be thwarted by application of a too strict burden of proof. And the situation would be an unfortunate one should a person in need of care be deprived of aid because he is mentally incapable of knowing his needs and the medical profession can not meet a too strict burden. We agree with the Supreme Court of Florida that:

"The difficulty in proving an individual state of mind combined with a stringent reasonable doubt standard, may work a hardship on the individual who has a right to treatment and to society which has a right to protection." *In re Beverly*, 342 So.2d 481, 488 (Fla.1977).

We hold the proper standard of proof is by a preponderance of the evidence.

■ In future cases of civil commitment the jury should be instructed that the burden is upon the State to prove by a preponderance of the evidence the statutory prerequisites to commitment. Although the trial court's charge here required proof by a clear and convincing evidence standard, the jury found respondent to be a mentally ill person. Since the jury found him to be mentally ill under a stricter standard than we here require, the instruction can not be said to be harmful; and therefore it does not constitute harmful error.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.