STATE of Texas, Petitioner,

v.

Frank O'Neal ADDINGTON, Respondent.

No. B-6597.

Supreme Court of Texas.

Oct. 12, 1977.

Ronald L. Wilson, Dist. Atty., Charles T. Lambright, Asst. Dist. Atty., Galveston, for petitioner.

Boston & Brown, Martha L. Boston, Austin, for respondent.

PER CURIAM.

This case involves the proper standard of proof that is required in indefinite commitment cases under the provisions of the Texas Mental Health Code.[1] Frank Addington was committed to the Austin State Hospital for an indefinite period of time after the jury found that he was mentally ill and required hospitalization for his own welfare and protection, as well as for the protection of others. The trial judge instructed the jury that the State's burden was to prove each special issue by "clear and convincing evidence." The court of civil appeals reversed and held that the proper standard of proof was "beyond a reasonable doubt." 546 S.W.2d 105.

The holding in the instant case conflicts with this court's decision in *State v. Turner,* 556 S.W.2d 563 (1977). The facts in these two cases are very similar. In both cases, the jury was instructed that the proper standard of proof was that of clear and convincing evidence. The courts of civil appeals reversed the cases because they held that the stricter standard of beyond a reasonable doubt was required. In *Turner,* this court held that preponderance of the evidence was the proper standard of proof to be used in civil commitment cases. For the reasons expressed in *Turner,* we hold that it was error for the court of civil appeals in this case to require the State to prove each issue beyond a reasonable doubt. Since the jury found Addington to be mentally ill under a stricter standard than is required, the instruction given does not constitute harmful error.

1. Tex.Rev.Civ.Stat.Ann. art. 5547-1 et seq. (1958).

Pursuant to Texas Rule of Civil Procedure 483, we grant the writ of error and, without hearing oral argument, reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.