Sandra **WOODARD**, Appellant,

v.

**TEXAS DEPARTMENT OF HUMAN RESOURCES**, Appellee.

**No. 8953.**

Court of Civil Appeals of Texas, Amarillo.

Oct. 30, 1978.

Rehearing Denied Nov. 27, 1978.

Walter P. Wolfram, Amarillo, for appellant.

George N. Harwood, Asst. Potter County Atty., Miller & Miller (John H. Tull, Jr., Guardian Ad Litem for Children), Amarillo, for appellee.

REYNOLDS, Justice.

Judgment terminating a parent-child relationship was rendered upon a jury's findings of factual issues from a preponderance of the evidence as required by the Texas Family Code. The standard of proof is challenged as being fundamentally erroneous because a federal district court has declared that the Code-required standard of proof is unconstitutional and that the proof must be measured by the clear and convincing standard. We affirm under the Texas Supreme Court's direction that in civil cases issues of fact are resolved from, and may not be submitted to the jury requiring a higher degree of proof than, a preponderance of the evidence.

As material to the appellate issue, this action was instituted by the Texas Department of Human Resources to terminate the parent-child relationship between Sandra Kay Bush Woodard and five of her natural children. The Department alleged that Sandra knowingly violated two of the conditions for which Tex.Fam.Code Ann. § 15.-

02 (Vernon 1975) authorizes a termination of the parent-child relationship. Sandra demanded a jury trial.

The trial court, as required by Sec. 11.15 of the Code, charged the jury to make its findings on the special issues submitted from a preponderance of the evidence. No objection was made to the charge at any stage of the trial proceedings.

The jury found the existence of facts which statutorily authorize the termination of the parent-child relationship. Receiving the jury's verdict, the trial court rendered its judgment terminating the parent-child relationship between Sandra and her five-named natural children.[1]

Sandra appeals, contending that it was fundamental error for the court to charge the jury to make its findings from a preponderance of the evidence. Her contention is based on the decision in *Sims v. State Department of Public Welfare,* 438 F.Supp. 1179 (S.D.Tex.1977), *appeal pending sub nom. Moore v. Sims,* —— U.S. ——, 99 S.Ct. 306, 58 L.Ed.2d 317 (1978). In *Sims,* a three-judge federal district court held that in any suit affecting the parent-child relationship, the fundamental right to family integrity requires the state to prove its case by clear and convincing evidence, and expressly found that Sec. 11.15 of the Family Code is unconstitutional on its face because its preponderance standard of proof is violative of due process. 438 F.Supp. at 1194–95.

The error now alleged was not raised in the trial court, and it may not be raised for the first time on appeal unless it is truly fundamental. *Newman v. King,* 433 S.W.2d 420, 421 (Tex.1968). In this connection, it has been written that error which directly and adversely affects the interest of the public generally is fundamental, *Ramsey v. Dunlop,* 146 Tex. 196, 205 S.W.2d 979, 983 (1947), and that the interest of the public is affected when the custody of a child is at issue. *Wicks v. Cox,*

---

1. The court also decreed that any parent-child relationships between the alleged natural fathers and the children were terminated or non-existent and, because this portion of the judgment has not been questioned in this appeal, it is not further noticed.

146 Tex. 489, 208 S.W.2d 876, 878 (1948). *See also Hollis v. Hollis,* 508 S.W.2d 179, 182 n. 1 (Tex.Civ.App.—Amarillo 1974, no writ). Accordingly, if it was error to charge that the preponderance standard of proof applied, the error is fundamental.

■ Respectful consideration is due a lower federal court decision, and it is accorded the decision in *Sims v. State Department of Public Welfare, supra*; yet, as was held in *United States ex rel. Lawrence v. Woods,* 432 F.2d 1072, 1075–76 (7th Cir. 1970), *cert. denied* 402 U.S. 983, 91 S.Ct. 1658, 29 L.Ed.2d 148 (1971), in circumstances somewhat similar to those existing in the present appeal, state courts are not concluded by a lower federal court decision on an identical question of law which arises in a later unrelated cause. The rationale expressed is that while the state courts and lower federal courts are subject to the supervisory jurisdiction of the United States Supreme Court as the final arbiter on all questions of federal constitutional law, there is a parallelism, but not paramountcy, for both the state courts and the lower federal courts in passing on federal constitutional questions. 432 F.2d at 1075–76. *Accord, Owsley v. Peyton,* 352 F.2d 804, 805 (4th Cir. 1965), which holds that states are not obliged to follow decisions of the federal circuit court whose circuit includes their state.

Conformably, Texas, and the majority of the states recorded in 147 A.L.R. 857, follow the rule that state courts are not bound by the decisions of the lower federal courts, even though a federal question is involved. Illustratively, *Harrison v. Barngrover,* 72 S.W.2d 971, 974 (Tex.Civ.App.—Beaumont 1934, writ ref'd), *cert. denied,* 294 U.S. 731, 55 S.Ct. 639, 79 L.Ed. 1260 (1935), declared: "It is true that this holding of the United States Circuit Court is not binding upon us here . . . ." The refusal of the writ of error was a holding by the Texas Supreme Court that "the principles of law declared in the opinion of the court [of civil appeals] were correctly determined." *Brannon v. Pacific Employers Ins. Co.,* 148 Tex. 289,

224 S.W.2d 466, 470 (1949). *Accord, Texas Oil & Gas Corporation v. Vela,* 405 S.W.2d 68, 73–74 (Tex.Civ.App.—San Antonio 1966), *set aside on other grounds,* 429 S.W.2d 866 (Tex.1968), with the holding that the decision of the Fifth Circuit Court of Appeals, although persuasive, was not controlling in its interpretation of Texas law. *Cf. Southwestern Greyhound Lines, Inc. v. Railroad Commission of Texas,* 128 Tex. 560, 99 S.W.2d 263, 268 (1936), where the Texas Supreme Court, in construing a federal statute, gave no controlling effect to decisions of lower federal courts construing the same statute. And in a like manner, the Texas Court of Criminal Appeals, the state's court of last resort for criminal matters, has respectfully declined to be bound by the decisions of lower federal courts. *Pruett v. State,* 463 S.W.2d 191, 193 (Tex.Cr.App.1970); *Andrade v. State,* 470 S.W.2d 194, 197 (Tex.Cr.App.1971).

■ On the other hand and in the absence of a controlling decision by the United States Supreme Court, Texas courts of civil appeals are bound by the pronouncements of the Texas Supreme Court on the law. *Stahl Petroleum Co. v. Phillips Petroleum Co.,* 550 S.W.2d 360, 368 (Tex.Civ.App. —Amarillo 1977), *aff'd,* 569 S.W.2d 480 (Tex.1978). "After a principle, rule or proposition of law has been squarely decided by the [Texas] Supreme Court . . . the decision is accepted as a binding precedent by the same court or other courts of lower rank when the very point is again presented in a subsequent suit between different parties." *Swilley v. McCain,* 374 S.W.2d 871, 875 (Tex.1964). And, until the Supreme Court states to the contrary, its pronouncement is the law on an expressed issue. *Powell v. Jackson,* 320 S.W.2d 20, 24 (Tex. Civ.App.—Amarillo 1958, writ ref'd n. r. e.).

The Supreme Court of Texas has specifically spoken on the Texas standard of proof in *State v. Turner,* 556 S.W.2d 563 (Tex. 1977), and its pronouncements there conflict with the holdings of the federal district court in *Sims v. State Department of Public*

*Welfare, supra.*[2] In *Turner,* the Supreme Court considered the question of the standard of proof required in proceedings for an indefinite commitment under the Texas Mental Health Code. The Court held that the proper measure of proof is by a preponderance of the evidence.[3] In concluding that the preponderance standard is not violative of the Due Process clause, the Court, generally speaking to the Texas standard of proof in civil cases, made this pronouncement at 565:

> However, it has been held that it is error to instruct the jury that an issue requires a standard of proof greater than that of the preponderance of the evidence.

Commenting on the clear and convincing standard at 565–66, the Court said:

> Some courts in other jurisdictions make a distinction between the standard of clear and convincing evidence and the usual civil standard of the preponderance of the evidence; however, Texas Courts review evidence by but two standards: factual sufficiency and legal sufficiency. The requirement of clear and convincing evidence is merely another method of requiring that *a cause of action be supported by factually sufficient evidence.*

The Court then quoted with approval this language from *Sanders v. Harder,* 148 Tex. 593, 227 S.W.2d 206, 209 (1950):

> In certain types of cases courts have frequently pointed out that the facts must be established by clear and convincing evidence. That rule, as said in *Carl v. Settegast,* Tex.Com.App., 237 S.W. 238, arose at a time when such suits were cognizable only in courts of chancery where matters of fact, as well as of law, were tried by the chancellor. Verdicts of juries in those courts were advisory only. In our blended system the field in which that rule operates is very narrow. In

practical effect it is but an admonition to the judge to exercise great caution in weighing the evidence. No doctrine is more firmly established than that issues of fact are resolved from a preponderance of the evidence, and special issues requiring a higher degree of proof than a preponderance of the evidence may not be submitted to a jury. *Carl v. Settegast, supra*; McCormick and Ray on Evidence, Section 30. In ordinary civil cases trial courts and Courts of Civil Appeals may set aside jury verdicts and grant new trials when, in their opinion, those findings, though based upon some evidence, are against the great weight and preponderance of the evidence, but they may not render judgment contrary to such findings. In those cases in which the "clear and convincing" rule is applicable if, in the opinion of the trial judge, the evidence in support of the verdict does not meet the test of that rule, he may set it aside and order a new trial; but he should not render judgment contrary thereto.

■ Thus, under the present state of the law, Texas courts are bound to instruct the jury in a civil case that all factual issues are to be determined by the preponderance of the evidence standard. The trial court so instructed the jury in this cause and, consequently, there is no error. Sandra's single point of error is overruled.

The judgment of the trial court is affirmed.

---

2. The 27 September 1977 opinion in *Turner* antedates by fifteen days the 12 October 1977 opinion in *Sims,* but fourteen days after the *Sims* opinion a motion for rehearing in *Turner* was denied on 26 October 1977.

3. In *State v. Addington,* 557 S.W.2d 511 (Tex. 1977), which involves the same question

presented in and controlled by the holding of *Turner,* the U.S. Supreme Court has granted motion for leave to file *in forma pauperis* and noted probable jurisdiction, *sub nom. Addington v. State* (1978). 435 U.S. 967, 98 S.Ct. 1604, 56 L.Ed.2d 58.